IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEWYORK
BUFFALO DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN | Civil Action No: |
| Plaintiff, | JURY DEMAND |
| v. | |
| BISON RECOVERY GROUP, INC | |
| Defendant | |

18 CV 161-V

FILED JAN 31 2018 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, BISON RECOVERY GROUP, INC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendants, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to BISON RECOVERY GROUP, INC., in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his express consent within the meaning of the TCPA.  This is an

action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

3. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

6. Defendant BISON RECOVERY GROUP, INC., (hereinafter, BRG) is a debt collection company with a corporate office located at 4408 Milestrip Rd, Suite 211, Blasdell, New York, 14219.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

7. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).

3

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice calls to cell phones. Defendant BRG has called in a manner which violates the right of privacy of all consumers.

## ALLEGATIONS OF FACT

12. On or about the beginning of March 2015, Plaintiff began receiving calls from an unknown number of 716-*256-1641* belonging to Defendant BRG.

13. Plaintiff is the owner and regular user of the cellular phone number *678-235-XXXX*.

14. The barrage of calls continued up until the present day. Confused and baffled, Plaintiff discovered that he was receiving calls from the Defendant BRG in an attempt to collect some alleged debt.

15. On one such call, Defendant BRG left the following artificial voice message:

---

[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

*This message is intended for....pause Benita Ross...we have made several attempts to reach you regarding a pending matter in our office...press #1 to speak to a representative now"*

16. On or about March 26, Plaintiff spoke with a representative named Craig, who informed Plaintiff that he was calling to speak to a person that the Plaintiff does not know concerning a debt from Metro Atlanta Ambulance service.

17. Plaintiff has received over eleven (11) phone calls from Defendant BRG and at least six (6) artificial voice messages left by the Defendant BRG.

18. The calls Plaintiff received were made using an automated dialer system. This system stores or produces telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

19. Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant BRG for any purpose.

20. Plaintiff has never provided his cellular phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any party.

21. Upon further information and belief, Plaintiff believes these calls were for the sole purpose of debt collection by a third party.

22. Plaintiff suffers damages in the form of charges to his cellphone for these unauthorized phone calls.

23. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous

5

unwarranted phone calls caused the Plaintiff harassment, as well use of his personal phone which could have been used for other purposes

24. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

## COUNT I
## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

25. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. Using prohibited equipment and without prior express written consent, the Defendant CLS, contacted the Plaintiff over 11(eleven) times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

27. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3).

28. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

## COUNT II
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Using prohibited equipment and without prior express consent, the Defendant BRG,, contacted the Plaintiff at least eleven (11) times by means of automatic telephone calls or, predictive-dialers in violation of 47 U.S.C. section 227 et seq.

31. Plaintiff instructed Defendants to stop all calls to him and cease calling his cellular telephone. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227et seq.

32. As a result of both Defendants World Finance Inc., and Defendant Sterling Finance Inc., negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF ON ALL COUNTS

*WHEREFORE,* the Plaintiff prays that judgment be entered against Defendant Bison Recovery Group, Inc (BRG):

a) As a result of Defendant, Bison Recovery Group, Inc., negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

b) As a result of Defendants, Bison Recovery Group, Inc.,willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

c) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(678-235-1290)
rrfrank12@hotmail.com



**PRIORITY MAIL**

FROM:
Ricky Franklin
708 Brambling Way
Stockbridge, GA
30281

JAN 26 2018 BUFFALO

TO: U.S. District Court Clerk
2 00 U.S. Courthouse
2 Niagara Square
Buffalo, NEW York
14202

U.S. POSTAGE $6.70
PM 3-DAY
30281 0006
Date of sale
01/24/18
06  2S00
08259721

PRIORITY MAIL 3-DAY®
EXPECTED DELIVERY 01/27/2018
SHIP TO:
BUFFALO NY 14202

USPS TRACKING NUMBER
9505 5000 1564 8024 0002 33