UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKY R. FRANKLIN,

      Plaintiff,

v.                                                              18-CV-161
                                                                 ORDER
BISON RECOVERY GROUP, INC.,

      Defendant.

_____

      The pro se plaintiff, Ricky R. Franklin, has filed a complaint asserting claims under the Telephone Consumer Protection Act.  Docket Item 1.  He also has moved to proceed in forma pauperis ("IFP") (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit.  Docket Item 2.

      Because Ashby meets the statutory requirements to proceed IFP under 28 U.S.C. § 1915(a), his request is granted.  In addition, Franklin's complaint has been reviewed by the Court under the 28 U.S.C. § 1915(e)(2) criteria.

      Accordingly, the Clerk of the Court shall file Ashby's papers and cause the United States Marshal to serve copies of the summons, complaint, and this order upon the named defendant without Ashby's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor.

### The Defendant's Motion to Dismiss

      Even though the defendant has not yet been served, counsel for the defendant has appeared in this case and filed a motion to dismiss.  Docket Item 3.  The defendant

argues that the complaint should be dismissed for failure to comply with Fed. R. Civ. P 4(m). *Id.* at 2.

As the defendant correctly notes, Rule 4(m) requires that the complaint be served within "within 90 days after the complaint is filed." *See* Docket Item 3 at   But "when a litigant submits a complaint with an IFP motion, the complaint is duly filed after the motion to proceed IFP is granted." *Millhouse v. Heath*, 866 F.3d 152, 158-59 (3d Cir. 2017). Because the Court grants Franklin's IFP motion in this order, any deadlines under Rule 4(m) begin to run on the date of this order.

What is more, "[b]y granting [Franklin] leave to pursue his . . . claim *in forma pauperis*, [this Court] shifted the responsibility for serving the complaint from [him] to the court." *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). In other words, Franklin is "relieved by his poverty of the responsibility for filing and effecting service of his complaint." *Id.* Under 28 U.S.C. § 1915(d), "[t]he officers of the court *shall* issue and serve all process, and perform all duties in" cases where a court grants a plaintiff *in forma pauperis* status. (emphasis added). *See* Fed. R. Civ. P. 4(c)(3) (authorizing a court to "order that service be made by a United States marshal or deputy marshal or by any person specially appointed by the court" and requiring such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). For all these reasons, the defendant's motion to dismiss, Docket Item 3, is denied.

SO ORDERED.

Dated:    September 3, 2019
         Buffalo, New York

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE