UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY FRANKLIN                                          Case No.: 1:18-cv-00161-LJV

        Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

        Defendant.

## DEFENDANT BISON RECOVERY GROUP, INC.'S ANSWER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Bison Recovery Group, Inc. ("BRG"), by and through its undersigned counsel,

Lippes Mathias Wexler Friedman LLP, and for its Answer to Plaintiff's Original Complaint,

upon information and belief, states as follows:

**Nature of this Action**

1.      BRG denies each and every allegation in Paragraph 1.

**Jurisdiction & Venue**

3[1].      The allegations in Paragraph 3 constitute conclusions of law, to which no response

is required.  To the extent a response is required, BRG denies each and every allegation in

Paragraph 3.

4.      The allegations in Paragraph 4 constitute conclusions of law, to which no response

is required.  To the extent a response is required, BRG denies each and every allegation in

Paragraph 4.

---

[1] Plaintiff's Original Complaint is misnumbered beginning at Paragraph 2, and accordingly, BRG's Answer
will reflect the paragraph numbering in Plaintiff's Original Complaint.

**Parties**

5.      BRG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5, and therefore denies same.

6.      BRG only admits that its corporate office is located at 4408 Milestrip Rd, Suite 211, Blasdell, New York, 14219. BRG denies the remaining allegations contained in Paragraph 6.

7.      BRG denies each and every allegation contained in Paragraph 7.

**The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227**

8.      The allegations in Paragraph 8 constitute conclusions of law, to which no response is required.  To the extent a response is required, BRG denies each and every allegation in Paragraph 8.

9.      The allegations in Paragraph 9 constitute conclusions of law, to which no response is required.  To the extent a response is required, BRG denies each and every allegation in Paragraph 9.

10.      The allegations in Paragraph 10 constitute conclusions of law, to which no response is required.  To the extent a response is required, BRG denies each and every allegation in Paragraph 10.

11.      The allegations in Paragraph 11 constitute conclusions of law, to which no response is required.  To the extent a response is required, BRG denies each and every allegation in Paragraph 11.

**Allegations of Fact**

12.      BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, and therefore denies same.

13.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefore denies same.

14.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and therefore denies same.

15.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and therefore denies same.

16.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and therefore denies same.

17.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and therefore denies same.

18.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and therefore denies same.

19.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and therefore denies same.

20.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and therefore denies same.

21.     BRG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and therefore denies same.

22.     BRG denies each and every allegation in Paragraph 22.

23.     BRG denies each and every allegation in Paragraph 23.

24.     BRG denies each and every allegation in Paragraph 24.

**Count I**
**Knowing And/Or Willful Violations of the ("TCPA"), 47 U.S.C. Section 227, Et. Seq.**

25.    BRG lacks knowledge or information sufficient to form a belief as to the allegations

in Paragraph 25, and therefore denies same.

26.    BRG denies each and every allegation in Paragraph 26.

27.    BRG denies each and every allegation in Paragraph 27.

28.    BRG lacks knowledge or information sufficient to form a belief as to the allegations

in Paragraph 28, and therefore denies same.

**Count II**
**Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq**

29.    With respect to Paragraph 29, BRG repeats and realleges its answer to the

allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph

29.

30.    BRG denies each and every allegation in Paragraph 30.

31.    BRG denies each and every allegation in Paragraph 31.

32.    BRG denies each and every allegation in Paragraph 32.

**FIRST AFFIRMATIVE DEFENSE**

33.    The Original Complaint fails to state a claim upon which relief can be granted

against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

34.    The claims alleged in the Original Complaint are barred by the statute of

limitations.

**THIRD AFFIRMATIVE DEFENSE**

35.    Plaintiff failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's

damages, if any, were caused by Plaintiff's acts and/or omissions.

## FIFTH AFFIRMATIVE DEFENSE

37.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's

damages, if any, were caused by third parties over whom BRG had no control or authority.

## SIXTH AFFIRMATIVE DEFENSE

38.     Plaintiff's damages, if any, are speculative.

## SEVENTH AFFIRMATIVE DEFENSE

39.     Defendant had Plaintiff's prior express consent for all conduct identified in the

Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

40.     Plaintiff lacks Article III standing to pursue the claims alleged in the Original

Complaint.

## NINTH AFFIRMATIVE DEFENSE

41.     Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel,

and/or res judicata.

## TENTH AFFIRMATIVE DEFENSE

42.     Plaintiff's claims are barred the doctrine of established business relationship.

Dated: November 9, 2019

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2019, I electronically filed the foregoing Answer via

the CM/ECF system, which should then send notification of such filing to all counsel of record. A

copy of the Answer was also sent by first class mail to Plaintiff Ricky Franklin at:


Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281


/s Brendan H. Little
Brendan H. Little, Esq.