## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEWYORK
## BUFFALO DIVISION

RICKY R. FRANKLIN      )    Civil Action No: 18-cv-161-V(F)
)
     Plaintiff,        )
)
v.                 )
)
BISON RECOVERY GROUP, INC  )
     Defendant      )
)

UNITED STATES
FILED
JAN 1 0 2020
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT

---

## PLAINTIFF'S BRIEF AND MEMORANDUM OF LAW IN
## SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

---

## I.  INTRODUCTION

NOW COMES Plaintiff, Ricky R. Franklin, Pro Se, pursuant to Fed. R. Civ. 56 and Local Rule 56.1 et seq respectfully move this Court for an Order granting summary judgment and related with respect to Count I and II of the Complaint in this matter for the reasons stated in the attached supporting Brief.  This case is suitable for a decision, and Plaintiff submits this Memorandum of Law in Support of its Motion for Summary Judgment.

Defendant, Bison Recovery Group, Inc., (hereinafter "BRG") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq by calling the Plaintiff on his cellphone and leaving a automated voice message on his phone. Further, Defendant BRG called Plaintiff using a automated system at least eleven (11) times in violation of the statute. (Appendix C-call log, and F-Disk containing automated calls)

Of most importance and seemingly relevant to this case, the Defendant will try to claim that the calls to Plaintiffs cellphone were done manually...moreover that they were initiated by a human. This argument by the Defendant BRG is unsuitable to this case because regardless how the calls were initiated, the Defendant violated the TCPA by leaving an automated voicemail on Plaintiffs cellphone.

As explained below, summary judgment should be granted in favor of Plaintiff

## II. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227 ET SEQ

The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity... (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the

plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA is a strict liability statute that awards $500 per each violation and up to $1,500 per willful/knowing violation. 47 U.S.C. § 227(b)(3)(B)(C).

The three elements of a Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, claim are (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1). The Defendants in this case cannot point to any relevant facts of the record, which would dispute Plaintiffs Statement Of Undisputed Material Facts or any element that dispute TCPA violations.

According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. 47 U.S.C. § 402 (Hobbs Act) The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

The FCC has ruled that a person has a right to revoke consent of any automated calls – and companies cannot dictate how they do so. Further...the Order clarifies that a person may revoke consent through any reasonable method, including orally. Citing...*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling and Order, FCC Rcd 7993- 7998, (2015)*; *Osorio v. State Farm Bank, FSB;' 746 F.3d 1242 (11th Cir. 2014)*

The TCPA is a strict liability statute that awards $500 per each violation and up to $1,500 per willful/knowing violation. 47 U.S.C. § 227(b)(3)(B)(C). Additionally, the TCPA provides for statutory damages of $500.00 for each of the calls made negligently in violation of 47 U.S.C. § 227(b)(3)(B).

### III. STATEMENT OF UNDISPUTED FACTS

Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant Bison Recovery Group, Inc., for the purpose of debt collection or any other purpose. (Appendix A, SUMF #1, Declaration Ricky R. Franklin ¶ 4)

Plaintiff is the owner and regular user of cellphone ending in 1290. (App A, SUMF#2)

Plaintiff received automated messages on more than eleven occasions, all coming from a telephone number belonging to the Defendant from 716-256-1641. The automated messages stated:

*"This message is intended for....pause Benita Ross...we have made several attempts to reach you regarding a pending matter in our office...press #1 to speak to a representative now"*
(Appendix C-call log, and F-Disk containing automated calls))

On March 26, 2015, Plaintiff talked to a representative who stated: "we're calling to collect a debt concerning a Atlanta metro ambulance service" from someone that Plaintiff does not know. Plaintiff then informed the representative that "he does not know the person and could they stop calling his cellphone" (App D, Dkt# 1, Comp, ¶16, 31)(App A, SUMF #4)(Dec¶ 7)

After revoking consent to be contacted, Plaintiff has received at least 5 more unwanted calls from the Defendant. (App A, SUMF #5)( Dec ¶ 5)

The calls are an invasion of privacy, and harassment to Plaintiff. Further, the calls tied up Plaintiffs cellphone and depleted battery life whereas the phone could not be used for other purposes. (App A, SUMF #6 (Dec ¶ 12)

## IV. ARGUMENT

## A. Legal Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial" *Scott v. Harris, 550 U.S. 372, 380 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).*

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id.* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which they have the burden of proof, the moving party is entitled to summary judgment *Id.*

Only disputes involving material facts are relevant. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).* "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 685 (2d Cir. 2001)* In order to demonstrate a genuine issue of material fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475*

*U.S. 574, 587 (1986)*.  Moreover, if a party fails to plead sufficient facts to establish an element of its claim, no genuine issue material fact exists. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*  If the nonmoving party is unable to provide evidence substantial enough for a factfinder to rely upon at trial which shows that a genuine issue exists as to a material fact, the motion must be granted. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 249-250.

## B.  Plaintiff Revoked Consent To Be Contacted On His Cellphone

Plaintiff never provided consent to be contacted on his cellphone.  (Appendix A, ¶ 1) On March 26, 2015, Plaintiff informed the Defendant to "stop calling his cellphone" SUMF#3 The FCC has ruled that a person has a right to opt-out – and companies cannot dictate how they do so.  Further…the Order clarifies that a person may revoke consent through any reasonable method, including orally. Citing…*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling and Order, FCC Rcd 7993- 7998, (2015)*

The FCC and the 11th Circuit has ruled that consent can only come from the person that owns the phone.  Id at 10 See also…*Osorio v. State Farm Bank, FSB;* ' *746 F.3d 1242 (11th Cir. 2014)* A Company should only get consent from that person.

The egregious violations of the TCPA constitute a willful, knowing, and negligent violation of the statute. Based on the Defendant never gaining actual consent from the Plaintiff, Summary Judgement should be granted in the Plaintiffs favor.

## C. Defendant BRGs System Qualifies As An Automated System

Defendant BRG left numerous artificial voice messages on the Plaintiffs cellphone all coming from the exact same number used by the Defendant. (App C, App F-Disk) Defendant BRG called the Plaintiff at least 6 times in violation of 47 U.S.C. 227(b)(1)(A) See App C. Additionally, Defendant BRG willfully and knowingly called the Plaintiff at least 5 times in violation 47 U.S.C. 227(b)(1)(A)(iii). See App C and F.

(The FCC has clarified with specificity that the commission's stance on auto dialers or Predictive dialers has been reaffirmed from previous rulings.

*See...Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling and Order, FCC Rcd 7971, 7972, para 10, 11 (2015)* "We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") **even if it is not presently** (emphasis added) used for that purpose, including when the

caller is calling **a set list** of consumers. We also reiterate that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason".

The TCPA broadly prohibits calls made using "any automatic telephone dialing system" to "any telephone number assigned to a . . . cellular telephone service" without limiting that restriction to telemarketing calls. . See...Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling and Order, para 123, FCC Rcd (2015.

Defendant BRGs system qualifies as an auto-dialer or predictive dialer and falls within the TCPA and, and therefore, Plaintiff motion for Summary Judgement should be granted.

## V. CONCLUSION

Plaintiff has established that: (1) Defendant BRGs has placed automated calls to Plaintiff and left automated voicemails directly on his cellphone (2) Valid consent was never provided by the Plaintiff, and whatever consent that Defendant BRG thought they had, was revoked by the Plaintiff.

For the reasons stated above, Plaintiffs Motion for Summary Judgment should be granted for knowing/willful violations of the statute 47 U.S.C. § 227(b)(3)...and treble damages ($1500.00) awarded for each of the five (5) unwanted automated

9

calls placed by the Defendant BRG. Finally, Summary Judgment should be granted for negligent violations of the statutes 47 U.S.C. 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3)(B); damages of ($500.00) awarded for each of the six (6) unwanted automated calls placed by the Defendant BRG.

Respectfully submitted,

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail

on January 8th 2020 to Defendant's Counsel listed below:


LIPPES MATHIAS WEXLER FRIEDMAN LLP

Brendan H. Little

50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: (716) 853-5100
F: (716) 853-5199

**ATTORNEYS FOR DEFENDANT BISON RECOVERY GROUP, INC**

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

CASE NO: 18-cv-161-V(F)

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEWYORK
BUFFALO DIVISION

RICKY R. FRANKLIN
Plaintiff

v.

BISON RECOVERY GROUP, INC
Defendant

(DISTRICT JUDGE) THE HONORABLE LAWRENCE J. VILARDO
(MAGISTRATE JUDGE) THE HONORABLE LESLIE G. FOSCHIO

SHORT APPENDIX OF PLAINTIFF
RICKY R. FRANKLIN

January 8th, 2020

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

## INDEX

| Vol. | Tab | Date | Title |
|------|-----|------|-------|
| I | A | 01/08/2020 | Statement Of Undisputed Material Facts |
| I | B | 01/08/2020 | Declaration Franklin |
| I | C | 03/17/2015 | Documented Calls |
| I | D | 01/31/2018 | Complaint |
| I | E | 11/25/2014 | Cellphone Purchase |
| I | F | 03/27/2015 | Disk of Automated Calls (Attached Seperately) |

# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEWYORK
## BUFFALO DIVISION

RICKY R. FRANKLIN ) Civil Action No: 18-cv-161-V(F)
)
)
    Plaintiff, )
v. )
)
BISON RECOVERY GROUP, INC )
    Defendant )
)

## PLAINTIFF'S FED. R. CIV. P. 56 AND LOCAL RULE 56 ET SEQ STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Pro Se, by and thru himself, and pursuant to Fed. R. Civ. P. 56 and Local Rules 56 et seq, respectfully submits the following statement of material facts as to which there is no genuine issue and that entitle Plaintiff to a judgment as a matter of law:

1. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant Bison Recovery Group, Inc., for the purpose of debt collection or any other purpose. App B-Declaration Ricky R. Franklin ¶ 4

2. Plaintiff is the owner and regular user of cellphone ending in 1290. (Appendix E, Phone)

3. Plaintiff received automated messages on more than eleven occasions, all

coming from a telephone number belonging to the Defendant from 716-256-1641.

The automated messages stated:

*"This message is intended for....pause Benita Ross...we have made several attempts to reach you regarding a pending matter in our office...press #1 to speak to a representative now"*


(Appendix C-call log, and F-Disk containing automated calls))

4. On March 26, 2015, Plaintiff talked to a representative who stated: "we're

calling to collect a debt concerning a Atlanta metro ambulance service" from

someone that Plaintiff does not know. Plaintiff then informed the representative

that "he does not know the person and could they stop calling his cellphone"

5 After revoking consent to be contacted, Plaintiff has received at least 5 more

unwanted calls from the Defendant. (App D, Compl, Dkt #1, ¶16, 31; App C,

March 26, 2015; Dec Franklin ¶ 7)

6. The calls are an invasion of privacy, and harassment to Plaintiff. Further, the

calls tied up Plaintiffs cellphone and depleted battery life whereas the phone could

not be used for other purposes. Franklin Dec ¶8

Date: January 8th 2020                    Respectfully submitted

                                          Ricky R. Franklin
                                          708 Brambling Way
                                          Stockbridge, GA 30281

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail

on January 8th 2020 to Defendant's Counsel listed below:


LIPPES MATHIAS WEXLER FRIEDMAN LLP

Brendan H. Little

50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: (716) 853-5100
F: (716) 853-5199

## ATTORNEYS FOR DEFENDANT BISON RECOVERY GROUP, INC

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

# EXHIBIT B

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEWYORK
# BUFFALO DIVISION

|  |  |  |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: 18-cv-161-V(F) |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| BISON RECOVERY GROUP, INC | ) |  |
| Defendant | ) |  |
|  | ) |  |

## DECLARATION OF RICKY R. FRANKLIN IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I declare under penalty of perjury pursuant to 28 U.S.C. section 1746 as follows:

1. I am over 18 years of age and competent to make this declaration.

2. I am the Plaintiff in the above-styled case.

3. Plaintiff is the sole owner and user of phone number ending in 1290, where the calls took place on the Plaintiffs cellphone. (App A-SUMF#2; Appendix E, Phone,)

4. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant BRG, for the purpose of debt collection or any other purpose.

5. Plaintiff documented every call at the time the call was received and kept a call log of all calls as well as automated recordings. Plaintiff received automated messages on more than eleven occasions, all coming from a telephone number belonging to the Defendant from 716-256-1641. The automated messages stated:

*"This message is intended for….pause Benita Ross…we have made several attempts to reach you regarding a pending matter in our office…press #1 to speak to a representative now"*

(App A-SUMF#3; App F)

6. On March 26, 2015, Plaintiff talked to a representative who stated: "we're calling to collect a debt concerning a Atlanta metro ambulance service" from someone that Plaintiff does not know. Plaintiff then informed the representative that "he does not know the person and could they stop calling his cellphone" (App A-SUMF #4, App C)

7. After revoking consent to be contacted, Plaintiff has received at least 5 more unwanted calls from the Defendant. (App C, March 26, 2015)

8. The calls are an invasion of privacy, and harassment to Plaintiff. Further, the calls tied up Plaintiffs cellphone and depleted battery life whereas the phone could not be used for other purposes. (SUMF#6)

I declare under penalty of perjury that the foregoing is true and correct.

By: _Ricky_

Ricky R. Franklin

Date:____January 8th 2020

# EXHIBIT C

<u>Call Log from Bison 716-256-1641 To 678-235-1290</u>

*Automated Voicemail messages left: Total=6 Messages left:*

*"This message is intended for….pause Benita Ross…we have made several attempts to reach you regarding a pending matter in our office…press #1 to speak to a representative now"*


**716-256-1641**    March 17, 2015

**716-256-1641**    March 20, 2015

**716-256-1641**    March 23, 2015

**716-256-1641**    March 24, 2015

**716-256-1641**    March 25, 2015

**716-256-1641**    March 26, 2015*

**716-256-1641**    March 27, 2015

**716-256-1641**    March 30, 2015

**716-256-1641**    March 31, 2015

**716-256-1641**    April 2, 2015

**716-256-1641**    April 3,  2015

*On March 26, 2015 I talked to a representative, who said they were collecting on ambulance debt of $100.00 dollars for an Atlanta Metro Ambulance Service area from someone owing a debt.  I informed representative that I did not know the person and that they should not be calling my cellphone..

EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEWYORK
## BUFFALO DIVISION

18 ˮ CV 161-V

|  |  |
|---|---|
| RICKY R. FRANKLIN | Civil Action No: |
| Plaintiff, | JURY DEMAND |
| v. |  |
| BISON RECOVERY GROUP, INC |  |
| Defendant |  |

UNITED STATES DISTRICT COURT
FILED
JAN 3 1 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

### ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, BISON RECOVERY GROUP, INC., and Plaintiff states as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendants, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to BISON RECOVERY GROUP, INC., in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his express consent within the meaning of the TCPA. This is an

action for actual and statutory damages for violations of the Telephone Consumer

Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

3. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. §

1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant

times residing in county of Henry, State of Georgia.

6. Defendant BISON RECOVERY GROUP, INC., (hereinafter, BRG) is a debt

collection company with a corporate office located at 4408 Milestrip Rd, Suite

211, Blasdell, New York, 14219.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

7.  At all relevant times, Defendant has conducted business in Georgia, solicited

business in Georgia, engaged in a persistent course of conduct in Georgia, or has

derived substantial revenue from services rendered in Georgia.


## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C §227

8.  In 1991, Congress enacted the TCPA in response to a growing number of

consumer complaints regarding certain telemarketing practices.

9.  The TCPA regulates, inter alia, the use of automated telephone equipment, or

"predictive-dialers",  defined as equipment which "has the capacity…(a) to store or

produce telephone numbers to be called, using a random or sequential number

generator; and (b) to dial such numbers.  47 U.S.C. § 227(a)(1).  Specifically, the

plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make

any call to a wireless number in the absence of an emergency or the prior express

consent of the called party.[2]

10.  According to findings by the Federal Communications Commission (FCC), the

agency Congress vested with authority to issue regulations implementing the

TCPA, such calls are prohibited because, as Congress found, automated or

prerecorded telephone calls are a greater nuisance and invasion of privacy than live

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice calls to cell phones. Defendant BRG has called in a manner which violates the right of privacy of all consumers.

## ALLEGATIONS OF FACT

12. On or about the beginning of March 2015, Plaintiff began receiving calls from an unknown number of 716-*256-1641* belonging to Defendant BRG.

13. Plaintiff is the owner and regular user of the cellular phone number *678-235-XXXX*.

14. The barrage of calls continued up until the present day. Confused and baffled, Plaintiff discovered that he was receiving calls from the Defendant BRG in an attempt to collect some alleged debt.

15. On one such call, Defendant BRG left the following artificial voice message:

[3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

*This message is intended for....pause Benita Ross...we have made several attempts to reach you regarding a pending matter in our office...press #1 to speak to a representative now"*

16. On or about March 26, Plaintiff spoke with a representative named Craig, who informed Plaintiff that he was calling to speak to a person that the Plaintiff does not know concerning a debt from Metro Atlanta Ambulance service.

17. Plaintiff has received over eleven (11) phone calls from Defendant BRG and at least six (6) artificial voice messages left by the Defendant BRG.

18. The calls Plaintiff received were made using an automated dialer system. This system stores or produces telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

19. Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant BRG for any purpose.

20. Plaintiff has never provided his cellular phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any party.

21. Upon further information and belief, Plaintiff believes these calls were for the sole purpose of debt collection by a third party.

22. Plaintiff suffers damages in the form of charges to his cellphone for these unauthorized phone calls.

23. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous

unwarranted phone calls caused the Plaintiff harassment, as well use of his

personal phone which could have been used for other purposes

24. Plaintiff suffered harm and damages in the form of emotional distress such as

anger, and resentment each time he received a phone call from the Defendant.

## COUNT I
## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

25. The telephone number called by Defendant was assigned to a cellular

telephone service for which Plaintiff incurs charges for incoming calls pursuant to

47 U.S.C. § 227(b)(1).

26. Using prohibited equipment and without prior express written consent, the

Defendant CLS, contacted the Plaintiff over 11(eleven) times by means of artificial

pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C.

227(b)(1)(A)(iii).

27. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C.

§ 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and

every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3).

28. The telephone number called by Defendant was assigned to a cellular

telephone service for which Plaintiff incurs charges for incoming calls pursuant to

47 U.S.C. § 227(b)(1).

## COUNT II
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

29.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Using prohibited equipment and without prior express consent, the Defendant BRG,, contacted the Plaintiff at least eleven (11) times by means of automatic telephone calls or, predictive-dialers in violation of 47 U.S.C. section 227 et seq.

31.  Plaintiff instructed Defendants to stop all calls to him and cease calling his cellular telephone.  The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of  47 U.S.C. § 227et seq.

32.  As a result of both Defendants World Finance Inc., and Defendant Sterling Finance Inc., negligent violations of  47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF ON ALL COUNTS

**WHEREFORE,** the Plaintiff prays that judgment be entered against Defendant Bison Recovery Group, Inc (BRG):

a) As a result of Defendant, Bison Recovery Group, Inc., negligent violations of

47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

b) As a result of Defendants, Bison Recovery Group, Inc.,willful and/or knowing

violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00

for each and every call that violated the TCPA;

c)  Actual damages from the Defendants for all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent behavior

pursuant the TCPA;

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(678-235-1290)
rrfrank12@hotmail.com

8

# EXHIBIT E

BRING YOUR OWN PHONE!!!
See Associate for details!!

RECEIPT VOID WITHOUT
QPAY ID

Location LT COMMUNICATIONS 71013641
2041 Mount Zion Road
Morrow GA 30260
770 210 5522
Merchant ID 71013641
Operator ID 71013641

MetroPCS Receipt
MetroPCS Conf Code 290432700
Customer Name RICKY FRANKLIN
Phone 678-235 1290
Account 341 33014
Past Due Balance $40 00
Current Balance $40 00
Due Date 24th of each month

Date 11/25/2014 6 33 54 PM EST
Qpay ID QPAYWPF204730b9
Activation Payment $40 00
Convenience Fee $0 00
Total Amount $40 00

Thank you RICKY FRANKLIN
Your due date is the 24th of each month
See www.metroPCS.com/terms for Terms
and Conditions of Service

ITC Financial Licenses, Inc
1200 Brookstone Centre Parkway
Suite 220
Columbus GA 31904
800 695-2436

Thank you for choosing Qpay!

Thank you for choosing
LT Communications
and MetroPCS!

# EXHIBIT F

**(Disk Attached Separately)**