UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICKY FRANKLIN                                             Case No.: 1:18-cv-00161-LJV

        Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

        Defendant.

---

## MEMORANDUM IN SUPPORT OF DEFENDANT BISON RECOVERY GROUP, INC.'S MOTION TO DENY PLAINTIFF'S SUMMARY JUDGMENT MOTION, OR IN THE ALTERNATIVE, DEFER CONSIDERATION OF THE MOTION

Defendant Bison Recovery Group, Inc ("Defendant"), by and through undersigned counsel, hereby moves this Court to deny Plaintiff Ricky Franklin's ("Plaintiff") Motion for Summary Judgment as premature, or in the alternative, pursuant to Federal Rule of Civil Procedure 56(d), defer consideration of the motion until the close of discovery in order to provide Defendant with an opportunity to obtain sufficient discovery from Plaintiff.

## PRELIMINARY STATEMENT

Plaintiff's Motion for Summary Judgment is premature. The procedural posture herein dictates that the Court deny Plaintiff's Motion for Summary Judgment, or in the alternative, defer consideration until the Motion is ripe for adjudication.

On January 31, 2018, Plaintiff filed his Complaint against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Dkt. 1). On October 24, 2018, Defendant filed its Motion to Dismiss all claims against it. (Dkt. 3). On November 9, 2019, following this Court's denial of Defendant's Motion to Dismiss, Defendant filed its Answer. (Dkt. 6). On January

6, 2020, Defendant served its discovery demands on Plaintiff. *See* the Declaration of Brendan H. Little, Esq. ("Little Dec."), Ex. A.

Thereafter, on January 7, 2020 the parties appeared for a Scheduling Conference before the Honorable Leslie G. Foschio, pursuant to which, this Court issued its Scheduling Order. (Dkt. 14, 15). Pursuant to the Scheduling Order:

> Mandatory Disclosures were due by 1/31/2020. Stipulation of Selection of Mediator due by 2/4/2020. Motions to Join Parties/Amend Pleadings due by 2/28/2020. First Mediation Session due by 3/31/2020. Plaintiff Expert Witness ID due by 3/31/2020. Defendant Expert Witness ID due by 4/20/2020. Discovery completed by 5/29/2020. Motions to Compel Discovery due by 6/15/2020. ***Dispositive Motions due by 7/31/2020***. Final Pretrial Conference set for 8/18/2020 11:30 AM before Hon. Leslie G. Foschio. Mediation To End by 8/31/2020. Signed by Hon. Leslie G. Foschio on 1/7/2020. (SDW)(Copy of Scheduling Order mailed to Pro Se Plaintiff) (Entered: 01/08/2020).

(Dkt. 15) (emphasis added).

Only three days later, and before responding to Defendant's discovery demands or conducting any depositions, Plaintiff filed his Motion for Summary Judgment. (Dkt. 16). Strikingly, Plaintiff has failed to timely respond Defendant's discovery demands and has failed to produce copies of the audio recordings, which he has submitted to the Court in support of his Motion for Summary Judgment. (Dkt. 18); *see also* Little Dec., Ex. B.

It is undeniable that Plaintiff's Motion for Summary Judgment is patently premature. Without the benefit of discovery, requested from Plaintiff, Defendant has no ability to meaningfully defend itself. In that regard, Defendant's current submission is not characterized as a response to Plaintiff's Motion for Summary Judgment because Defendant lacks the facts and documents necessary to furnish a defense.

## ARGUMENT

### I.    Legal Standard

Fed. R. Civ. P. 56(d) allows for deferring consideration of a motion for summary judgment under certain circumstances. Specifically, Fed. R. Civ. P. 56(d) states: "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; and (2) allow time to obtain affidavits or declarations to take discovery; or (3) issue any other appropriate court order." Fed. R. Civ. P. 56(d).

"Under this rule, the party seeking discovery must "make a specific proffer as to the discovery it would seek," and "a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 573 (2d Cir. 2005). Thus, to successfully bring a motion pursuant to Fed. R. Civ. P. 56(d), the Second Circuit requires that the moving party establish, by submission of an affidavit, (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Hilton v. Bedford Paving, LLC, 2011 WL 3957269, at *8 (W.D.N.Y. Sept. 7, 2011).

Importantly, the Second Circuit has held:

> Fed.R.Civ.P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion. Accordingly, we have held that summary judgment should only be granted if "*after discovery,* the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.

3

Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003)(emphasis in original)(internal citations omitted).[1] Accordingly, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." TransAtlantic Lines LLC v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc., 253 F. Supp. 3d 725, 734 (S.D.N.Y. 2017).

## II.    PLAINTIFF'S MOTION IS PREMATURE AS DISCOVERY IS NOT COMPLETE

As a general rule, the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion. *See* Trebor Sportswear Co. v. The Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) ("the nonmoving party must have "had the opportunity to discover information that is essential to his opposition" to the motion for summary judgment") Ben v. United States, 160 F. Supp. 3d 460, 470 (N.D.N.Y. 2016); Schulz v. United States, Internal Revenue Serv., 2016 WL 10649270, at *5 (N.D.N.Y. May 6, 2016). Indeed, the purpose of Fed. R. Civ. P. 56(d) is to "shield a party against the entry of summary judgment where it has not had an adequate opportunity to defend." All Am. Tel. Co., Inc. v. AT & T Corp., 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018), appeal withdrawn, WL 9739272 (2d Cir. Dec. 28, 2018).

Defendant has established entitlement to relief under Fed.R.Civ.P. 56(d) as it has established that it has sought facts and documents pertinent to the central legal issues involved in Plaintiff's Complaint, which may raise a genuine issue of fact. *See* Little Dec. Ex. A. Importantly, as Plaintiff has failed to provide any discovery responses or documents through the course of this litigation, it is impossible to determine whether the discovery sought will raise a triable issue of

---

[1] Notably, Fed. R. Civ. P. 56(d) was formally titled as Fed. R. Civ. P. 56(f). As such, the Second Circuit's discussion of Fed. R. Civ. P. 56(f) is applicable to the modified Fed. R. Civ. P. 56(d). *See* Hilton, LLC, 2011 WL 3957269, at *8 (W.D.N.Y. Sept. 7, 2011).

fact. *See* Little Dec., Ex. A, B. However, Defendant is entitled to inspect the information brandished against it in order to form a defense. *See* <u>Trebor Sportswear Co.</u>, at 511. Finally, all of Defendant's efforts to engage in discovery have been frustrated. *See* Little Dec, Ex. B.

Here, as set forth in the Little Dec., the parties have not had a meaningful opportunity to complete discovery prior to Plaintiff filing his Motion for Summary Judgment as the Court had only entered its Scheduling Order three days prior to Plaintiff's filing of his Motion for Summary Judgment. (Dkt. 15). As such, Defendant has not yet received responses to its discovery demands and no depositions have been conducted. *See* Little Dec. Indeed, Plaintiff has not even provided Defendant with a copy of the recordings that were submitted to the Court in support of his Motion for Summary Judgment. (Dkt. 18).

This is not a circumstance where Defendant has sat idly by, Plaintiff has simply hamstrung any opportunity for discovery to proceed in its normal course, and as directed by this Court. (Dkt. 15). Plaintiff has put Defendant in the unenviable position of defending against a Summary Judgment Motion without discovery and without full access to the documents submitted against it. *See* Little Dec. This is of crucial importance here, where the allegations against Defendant involve violations of the TCPA, because Defendant does not even have access to the telephone recordings Plaintiff has submitted to the Court. As noted in the Little Dec., Defendant's discovery demands seek, *inter alia*, documents and information regarding when Plaintiff alleges to have received calls from Defendant, Plaintiff's claim that Defendant utilized an automatic dialing system; details regarding Plaintiff's alleged financial and emotional damages. Defendant's discovery demands are tailored to permit Defendant to investigate the merits and extent of Plaintiff's claim. *See* Little Dec., Ex. A.

In that regard, the mere fact that Plaintiff has supported his Motion with certain telephone recordings is of no consequence. Defendant is not obligated to rely on the documents produced in Plaintiff's Motion to defend itself, as suggested by Plaintiff. *See* Little Dec., Ex. B. Defendant is entitled to investigate the validity of the documents produced and all other material information in Plaintiff's possession. The plain fact that Plaintiff possesses information, which has not been turned over to Defendant—prior to filing his Motion for Summary Judgment—underscores Defendant's disadvantage in defending itself.

Due to the procedural posture of the case, Defendant submits the Court should deny Plaintiff's Motion for Summary Judgment as premature, or in the alternative, defer consideration of the motion until the close of discovery before considering Plaintiff's Motion for Summary Judgment.

## **CONCLUSION**

For all the forgoing reasons described above and specifically identified in the attached Declaration, Defendant Bison Recovery Group, Inc., respectfully requests that Plaintiff's Motion for Summary Judgment be denied as premature, or in the alternative, that this Court defer consideration of the motion until the close of discovery before considering Plaintiff's Motion for Summary Judgment, together with such other and further relief as the Court deems just and proper.

Dated: February 12, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Tessa R. Scott, Esq.
Attorneys for the Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com
tscott@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I electronically filed the foregoing Memorandum via the CM/ECF system, which should then send notification of such filing to all counsel of record. A copy of the Motion was also sent by first class mail to Plaintiff Ricky Franklin at:

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

/s Brendan H. Little
Brendan H. Little, Esq.