UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY FRANKLIN    Case No.: 1:18-cv-00161-LJV

    Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

    Defendant.

## DECLARATION OF BRENDAN H. LITTLE

1.    I am counsel of record for Defendant Bison Recovery Group, Inc. ("Defendant"). I submit this Declaration in support Defendant's request for relief, pursuant to Fed. R. Civ. P. 56(d), to deny Plaintiff Ricky Franklin's ("Plaintiff") Motion for Summary Judgment, or in the alternative, to defer consideration of the Motion until Defendant is provided with an opportunity to engage in discovery.

2.    On January 31, 2018, Plaintiff filed his Complaint against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Dkt. 1). On October 24, 2018, Defendant filed its Motion to Dismiss all claims against it. (Dkt. 3).

3.    On November 9, 2019, following this Court's denial of Defendant's Motion to Dismiss, Defendant filed its Answer. (Dkt. 6).

4.    On January 6, 2020, Defendant served its discovery demands on Plaintiff. *See* **Exhibit A**.

5.    Defendant's discovery demands seek to clarify the basic facts supporting Plaintiff's TCPA claims. To that end, Defendant's discovery demands request, *inter alia*, documents and information regarding: (1) when Plaintiff alleges to have received calls from Defendant; (2) facts

1

supporting Plaintiff's claim that Defendant utilized an automatic dialing system; and (3) details Plaintiff's alleged financial and emotional damages. *See* Exhibit A. Defendant's discovery demands are tailored to permit Defendant to investigate the merits and extent of Plaintiff's claim. *Id*.

6. Thereafter, on January 7, 2020 the parties appeared for a Scheduling Conference before the Honorable Leslie G. Foschio, pursuant to which, this Court issued its Scheduling Order. (Dkt. 14, 15).

7. Three days later, on January 10, 2020, Plaintiff filed his Motion for Summary Judgment. (Dkt. 16).

8. As it stands, Defendant's opposition to Plaintiff's Motion for Summary Judgment is due on February 14, 2020. Yet, Plaintiff has not provided any responses to Defendant's discovery demands and the parties have not conducted any depositions.

9. As this Court is aware, Plaintiff has alleged that Defendant violated the TCPA, relating to purported telephone calls allegedly placed by Defendant on or around March 2015. (Dkt. 1). Specifically, Plaintiff alleges that he received collection calls, using an automated dialing system, pertaining to a person he does not know. (Dkt. 1).

10. Plaintiff has supported his Motion for Summary Judgment with telephone recordings. (Dkt. 18). However, Plaintiff never provided our office with a copy. In this regard, Defendant has had no opportunity to review the entirety of the record evidence submitted in support of Plaintiff's Motion.

11. Not only has Plaintiff submitted his Summary Judgment prior to the exchange of discovery, Plaintiff has failed to respond to Defendant's discovery demands, which were due February 6, 2020.

12. On February 10, 2020, our office sent correspondence to Plaintiff, by electronic and regular mail, seeking responses to its discovery demands. In response, Plaintiff advised that he produced all evidence in support of his Motion for Summary Judgment—indicating that Plaintiff was not obligated to provide any responses to Defendant's discovery demands. Our office reiterated its request Plaintiff to provide responses to Defendant's discovery demands. *See* **Exhibit B**.

13. Notably, Plaintiff did not offer to provide responses to Defendant's Interrogatories and made no mention of his failure to provide Defendant with a copy of the audio recordings accompanying his Motion for Summary Judgment. *Id.*

14. As noted above, Defendant has sought responses to its discovery demands in order to investigate Plaintiff's claims against it. Thus far, Defendant has not been provided with responses pertaining to the basic factual assertions allegedly supporting Plaintiff's claims. As such, it is impossible to determine the merits of Plaintiff's case or if there exists a material question of fact.

15. Ultimately, it is unduly prejudicial to require Defendant to respond to Plaintiff's Motion for Summary Judgment when it has been denied access to discovery, depositions and the evidence submitted in support of Plaintiff's Motion.

13. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 12, 2020

/s Brendan H. Little
Brendan H. Little, Esq.