# EXHIBIT A



50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

January 6, 2020

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

      Re:    <u>Franklin v. Bison Recovery Group, Inc.</u>
              Case No.: 18-cv-161 (WDNY)

Dear Mr. Franklin:

Enclosed please find Defendant Bison Recovery Group, Inc.'s Request for Production and Interrogatories in the above matter.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

*/s Brendan H. Little*

Brendan H. Little

BHL/bmo
Enc.

Brendan H. Little | Partner | blittle@lippes.com

**New York:** Albany, Buffalo, New York City • **Florida:** Jacksonville • **Illinois:** Chicago • **Ontario:** Greater Toronto Area • **Washington, D.C.**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICKY FRANKLIN

        Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

        Defendant.

Case No.: 1:18-cv-00161-LJV

---

### DEFENDANT BISON RECOVERY GROUP, INC.'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to FED. R. CIV. P. 33, Defendant Bison Recovery Group, Inc. hereby demands that Plaintiff Ricky Franklin answer the following Interrogatories:

### DEFINITIONS

A.    "Bison" shall mean Defendant Bison Recovery Group, Inc. and "Franklin" shall mean Plaintiff Ricky Franklin.

B.    As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy (including non-identical copies by reason of notations made on such copies or otherwise), regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or data processing card, or any other written, recorded, transcribed, punched, taped,

filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody or control.

C.  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

D.  As used herein, the terms "identification," "identify," or "identity," when in reference to (a) a natural individual, require you to state his or her full name and residential and business address; (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation and the address of its principal place of business; (c) a business, require you to state the full name or style under which the business is conducted, its business address or addresses, the types of business in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of ht person or persons who own, operate, and control the business; (d) a document, require you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, require you, if any part of the communication is written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was not written, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

E.  As used herein, the words "and" and "or" appearing in an Interrogatory should be read, whenever applicable, to have the same meaning as the work "and/or." For example, an

2

Interrogatory stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

## INSTRUCTIONS

A. With respect to each Interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.

B. If any documents are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every document.

    1. describe the nature of the document;

    2. state the date of the document;

    3. identify the persons who sent and received the original and a copy of the document;

    4. state in as much detail as possible the contents of the document; and

    5. state of the manner and date of disposition of the document.

C. If you contend that you are entitled to withhold from production any documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or other ground, then do the following with respect to each and every document:

    1. describe the nature of the document (e.g., letter or memorandum);

    2. state the date of the document;

    3. identify the persons who sent and received the original and a copy of the document;

    4. state the subject matter of the document; and

5.   state the basis upon which you contend you are entitled to withhold the document from production.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Please identify the person or persons answering these Interrogatories. Further, please identify all other persons providing information responsive to these Interrogatories, including their title and work and home residence.

**INTERROGATORY NO. 2**:

Please identify each every telephone number that Franklin contends Bison contacted. In doing so, please identify the company who provided the telephone service, i.e. Verizon, Sprint, to Franklin for each telephone number provided.

**INTERROGATORY NO. 3**:

Please identify the date(s) and time(s) that Bison contacted Franklin via the telephone. For each date and time identified, please identify the telephone number Bison dialed to reach Franklin.

**INTERROGATORY NO. 4**:

Please identify the date(s) and time(s) that Bison used an artificial or prerecorded voice to contact Franklin. For each date and time identified, please identify the telephone number Bison dialed to reach Franklin.

**INTERROGATORY NO. 5**:

Please identify Franklin's factual basis that Bison used an artificial or prerecorded voice to contact Franklin on the dates identified in response to Interrogatory 4 above.

**INTERROGATORY NO. 6**:

Please identify the date(s) and time(s) that Bison used an automated dialer system to contact Franklin as alleged in Paragraph 18 of the Complaint. For each date and time identified, please identify the telephone number Bison dialed to reach Franklin.

**INTERROGATORY NO. 7**:

Please identify Franklin's factual basis that Bison used an automated dialer system to contact Franklin on the dates identified in response to Interrogatory 6 above.

**INTERROGATORY NO. 8**:

Please identify the dates of each and every written communication Franklin, or someone on his behalf, sent to Bison.

**INTERROGATORY NO. 9**:

Please identify the amount of the charges to his cellphone Franklin incurred for alleged unauthorized phone calls as alleged in Paragraph 22 of the Complaint.

**INTERROGATORY NO. 10**:

Please identify Franklin's emotional distress, anger and resentment he received from each telephone call purportedly made by Bison as alleged in Paragraph 24 of the Complaint.

**INTERROGATORY NO. 11**:

Please identify the dates and times of each call made by Bison to Franklin wherein Franklin believes he is entitled to treble damages as set forth in Paragraph 27 of the Complaint.

**INTERROGATORY NO. 12**:

For each date identified in response to Interrogatory 11 above, please identify Franklin's basis that Bison placed the call willfully or knowingly in violation of the Telephone Consumer Protection Act.

**INTERROGATORY NO. 13**:

Please identify the dates and times wherein Franklin communicated with an employee at Bison. In doing so, please identify the subject matter of the communication and the identity of the employee as well as his/her title.

**INTERROGATORY NO. 14**:

Please identify the date and time Franklin instructed Bison to stop all calls to him and cease calling his cellular telephone as alleged in Paragraph 30 of the Complaint.

**INTERROGATORY NO. 15**:

Please identify Franklin's factual basis the telephone number 716-256-1641 was or is utilized by Bison.

Dated: January 6, 2020

          **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

          /s Brendan H. Little
          Brendan H. Little, Esq.
          Attorneys for Defendant
          50 Fountain Plaza, Suite 1700
          Buffalo, New York 14202
          P: 716-853-5100
          F: 716-853-5199
          E: blittle@lippes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2020, the foregoing Defendant's Interrogatories was sent by first class mail to Plaintiff Ricky Franklin at following address:

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

          /s Brendan H. Little
          Brendan H. Little, Esq.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICKY FRANKLIN                                             Case No.: 1:18-cv-00161-LJV

        Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

        Defendant.
_____

## DEFENDANT BISON RECOVERY GROUP, INC.'S
## FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 34, Defendant Bison Recovery Group, Inc. ("Defendant"), requests Plaintiff Ricky Franklin produce the following documents and electronically stored information.

## PRELIMINARY STATEMENT

When answering these document requests, you are requested to furnish all information available to you, including information in the possession of your attorneys, investigators, employees, agents, representatives, or any other person acting on your behalf, and not merely such information as is known by you on personal knowledge.

Each document request is intended to, and does, request that each and every particular and part thereof be answered with the same force and effect as if each part and particular were the subject of and were asked by a separate document request.

## DEFINITIONS

When used in these document requests, the terms "document" or "documentation" are used in the broadest sense and include all tangible items of any nature, both original and copies

(whether or not identical) and all attachments and appendices thereto, and all drafts thereof, including, but not limited to, letters, telegrams, telexes, emails, memoranda, records, reports, books, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries of other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, forecasts, statistical data, statistical statements, financial statements, worksheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultant reports, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, margin notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, minutes, checks, cancelled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape recordings, voice recordings, video records, film, tape, photographs, punch cards, programs and data compilations from which information can be obtained or translated into useable form, including matter used in data processing and other writings of whatsoever description, including, but not limited to, any information contained in any computer, although not yet printed out, within the possession, custody or control of the responding party.

The term "indicating" or "concerning" means, relating to, referring to, describing, evidencing or constituting.

The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all responses which otherwise might be

construed as outside their scope. The term "any" shall include the word "all" and "all" shall include the word "any."

The term "Bison" means Defendant Bison Recovery Group, Inc.

The term "Plaintiff" means the Plaintiff Ricky Franklin and any person acting on his behalf, including but not limited to his agents, representatives, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, and unless privileged, his attorneys.

## INSTRUCTIONS

1. Defendant Bison acknowledges receipt of documents that were produced previously by the Plaintiff in this action. If any of the documents produced are responsive to the demands herein, the Plaintiff is not required to produce the same document again. However, the Plaintiff must identify that a responsive document was produced and to which numbered demand it is responsive.

2. Defendant Bison demands a list of any documents and/or things withheld under a claim of privilege, providing the date, author, title, and addressee of any document or thing withheld, the identity of any person or entity to whom any such document or thing has been supplied, and a disposition of any such thing or the subject matter of any such document.

3. Where a document is supplied in response to a request, set forth by number, and subdivision if any, the request to which it is supplied.

4. As to any document which is not in the possession or subject to the control of the Plaintiff, but which Plaintiff knows to exist, Plaintiff is requested to identify each document and indicate to the best of its ability its present or last know location and custodian.

3

5. All electronically stored information should be produced in accordance with Appendix A.

6. This Request for Production is continuing in nature.

## DOCUMENT DEMANDS

1. Any and all documents on which Plaintiff relied in order to respond to Bison's First Set of Interrogatories.

2. All communication, i.e. letters, facsimiles, text messages, emails and memorandums, exchanged between Bison and Plaintiff.

3. All communication, i.e. letters, facsimiles, text messages, emails and memorandums, sent and/or received by Plaintiff concerning the allegations in the Complaint.

4. All video and/or audio recordings that depict conversations between Bison and Plaintiff or his agent/representative.

5. All voicemail messages or video and/or audio recordings of any voicemail messages received by Plaintiff from Bison.

6. Any and all of Plaintiff's telephone records for the telephone number(s) identified in response to the Defendant's Interrogatories from January 1, 2015 to the present.

7. Any and all documents, information or recordings that demonstrate Bison used artificial or prerecorded voice to contact Plaintiff.

8. Any and all documents, information or recordings that demonstrate Bison used an automated dialer system to contact Plaintiff.

9. Any and all documents or information that demonstrates the dates and times Plaintiff received telephone calls from Bison.

10. Any and all documents or information that demonstrates Plaintiff's ownership or assignment of any telephone number Plaintiff claims to have received a telephone call from Bison.

11. Any and all exhibits that Plaintiff will mark and/or use at trial.

12. Any and all documents or information that demonstrate Plaintiff suffered actual damages.

15. Any and all documents, information or recordings that demonstrate Plaintiff requested that Bison cease or stop telephone calls placed to Plaintiff.

16. Any and all documents or information that demonstrates the system used by Bison stores or produces telephone numbers to be called using a random or sequential number generator as alleged in Paragraph 18 of the Complaint.

17. Any and all documents or information that demonstrates that Plaintiff incurred charges to his cell phone for the alleged unauthorized calls as alleged in Paragraph 22 of the Complaint.

18. Any and all documents or information that demonstrates that Bison willfully or knowingly made telephone calls to Plaintiff in violation of the Telephone Consumer Protection Act.

19. Any and all documents or information that Bison did or does utilize the telephone number 716-256-1641.

Dated: January 6, 2020

                      **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

                      /s Brendan H. Little
                      Brendan H. Little, Esq.
                      Attorneys for Defendant
                      50 Fountain Plaza, Suite 1700
                      Buffalo, New York 14202
                      P: 716-853-5100
                      F: 716-853-5199
                      E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, the foregoing Defendant's Request for Production was sent by first class mail to Plaintiff Ricky Franklin at following address:

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

                                      /s Brendan H. Little
                                      Brendan H. Little, Esq.

## Appendix A

Format for the Production of ESI and Paper Documents Converted to Electronic Form

1. <u>Paper Documents</u>. For paper documents, please convert them into electronic form and produce such documents as static TIFF images with the appropriate Load/Unitization file and searchable OCR text as defined below.

2. <u>Electronic Files Produced as Static TIFF Images</u>. For all electronic files, except for spreadsheet application files (e.g., MS Excel), presentation application files (e.g. MS PowerPoint), multimedia audio/video files (e.g., ,wav, .mpeg, ,avi), and database application files, please produce such documents as static TIFF images with the appropriate Load/Unitization file and searchable OCR text as defined below.

3. <u>Electronic Files Produced as Native Files</u>. For all spreadsheet application files (e.g., MS Excel), presentation application files (e.g. MS PowerPoint), multimedia audio/video files (e.g., .wav, .mpeg, .avi) and database application files (e.g., MS Access, SQL, SAP), please produce native files with the appropriate Load/Unitization and searchable OCR text as defined below. However, if producing native files of database application files would be impracticable or result in a production of illegible or unusable documents, please create and produce database reports reasonably designed to identify arid collect potentially relevant information. Such reports should be produced as native files or static TIFF images with searchable OCR text.

4. <u>Static TIFF Image Format</u>. TIFF images should be produced as single page black and white, Group 4 TIFF (.TIF or .TIFF) files at 300 x 300 dpi resolution and 8.5 x 11 inch page size. However, if a color image is rendered illegible by producing in black and white, you must produce the original color image, as single page, color Joint Photographic Experts Group (JPEG or JPG) files so as to make the document legible. All TIFF image file names shall match the Bates number assigned to the image.

5. <u>Productions Text Searchable</u>. Please produce all documents with multi-page searchable extracted text. In the event text cannot be extracted from a document, the document must be made text searchable through the process of optical character recognition (OCR).

6. <u>Load/Unitization Files</u>. For all produced documents, please include two Load/Unitization files. One should be a metadata import file, in .dat format, that contains metadata fields in an ASCII text file using either Concordance default delimiters, (, comma and b quote) or (A carat and I pipe) delimiters to separate the fields and records. The second data file should be a cross-reference file that contains the corresponding image information. The acceptable formats for the cross-reference files are .DII or .OPT. Image load files should indicate page breaks. Parent/child relationships must be identified and maintained. A path to the corresponding .TXT file shall be included as a field in the metadata import file. Please produce native files with a metadata import file containing (i) the full directory path and file names of the native file(s) as contained in the produced media and (ii) a uniform hash calculation field.

7. <u>Transport Change Logs, Configuration/Design Documents, and Custom Coding</u>. The foregoing files should be produced in Word format.