UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY FRANKLIN                                              Case No.: 1:18-cv-00161-LJV

       Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

       Defendant.

### DEFENDANT BISON RECOVERY GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY

Defendant Bison Recovery Group, Inc ("Defendant"), by and through undersigned counsel, submits the following in opposition to Plaintiff Ricky Franklin's ("Plaintiff") motion to stay.

### PRELIMINARY STATEMENT

As noted in Defendant's Fed. R. Civ. P. 56(d) Motion, Plaintiff's filing of his motion for summary judgment, prior to engaging in discovery, was premature and unwarranted. (Dkt. 22). Plaintiff's present motion to stay is similarly inappropriate. Plaintiff filed a motion for summary judgment prior to engaging in discovery and prior to sitting for his deposition. Thereafter, he moved to stay all discovery.  In effect, Plaintiff is asking this Court to bar Defendant from having any opportunity to participate in discovery or inspect information that is in the exclusive control of Plaintiff. Should Plaintiff's motion to stay be granted, Defendants would suffer immeasurable prejudice as its ability to defend itself in this action would be crippled.

1

**ARGUMENT**

I.   **PLAINTIFF'S MOTION TO STAY IS UNWARRANTED**

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Importantly, "[t]he pendency of a dispositive motion is not, without more, grounds for an automatic stay." *Thomas v. New York City Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010); *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 2011 WL 2565359, at *1 (S.D.N.Y. June 15, 2011)(finding that staying discovery was unwarranted during the pendency of a summary judgment motion).

"In determining whether to issue a stay, a district court considers 'the nature and complexity of the particular case,' as well as the following factors: "(1) whether the defendant [moving party] has made a strong showing that the plaintiff's claim is [ ]meritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *2 (E.D.N.Y. Dec. 3, 2014); *Rivera v. Inc. Vill. of Farmingdale,* 2007 WL 3047089, at *1 (E.D.N.Y. Oct.17, 2007); *see also aaiPharma, Inc.*, 2011 WL 2565359, at *1 (S.D.N.Y. June 15, 2011)("relevant factors to determine "good cause" include the likelihood of success of any pending dispositive motions, whether the stay would prejudice the opposing party as well as the burden imposed upon the party responding to the proposed discovery"). Moreover, the burden is on the moving party to establish that the nonmoving party does not need further discovery. *Skouras Theatres Corp. v. Radio-Keith-Orpheum Corp.*, 10 Fed. R. Serv. 2d 826 (S.D.N.Y. 1966).

In the present case, the Plaintiff has failed to establish the need for a stay of discovery. First, Plaintiff has failed to establish that his motion for summary judgment will be successful. As demonstrated in Defendant's Fed. R. Civ. P. 56(d) motion, Plaintiff filed his motion for summary

2

judgment prior to responding to any of Defendant's discovery demands. (Doc. 22; 22-2). Plaintiff failed to provide copies of any of the documents he relied on in making his summary judgment motion, until after Defendant's opposition was due. *See* the Declaration of Brendan H. Little, Esq. ("Little Dec."). Plaintiff has failed to address the deficiencies in his discovery, which were detailed in a Fed. R. Civ. P. 37 letter from our office. Little Dec.; Exhibit D. Moreover, Plaintiff has yet to sit for a deposition. As Plaintiff's summary judgment motion was patently premature, it is unlikely to succeed at this stage in litigation. (Doc. 22).

Second, Defendant has clearly identified the breadth of discovery it seeks. (Doc. 28). Defendant seeks appropriate and complete responses to its discovery demands and for Plaintiff to sit for a deposition. *See* Little Dec., Exhibits F; D. In short, Plaintiff failed to participate in discovery in good faith. Defendant is merely seeking the opportunity afforded to it by this Court's Scheduling Order—namely, the time and access to material information.

Third, it is undeniable that a stay of discovery would serve to prejudice Defendant. Namely, Plaintiff filed for summary judgment, prior to engaging in discovery, and is asking this Court to stay discovery—such that Defendant has no access to information. In that regard, there can be no question that a stay would prejudice Defendant. The entirety of Plaintiff's argument appears to be that Defendant is not entitled to responses to discovery—because it does not possess "any records." (Doc. 28, p. 3). This position is simply confounding. It is axiomatic that a party, with exclusive control of responsive records, must participate in discovery and cannot withhold information.

Ultimately, Plaintiff has exhibited a pattern of avoidance with regards to discovery. Defendant should not be expected to accept, without question, whatever documents or information Plaintiff feels is relevant or material to the defense of this action. Further, it is unquestionable that Defendant is entitled to inspect information, conduct depositions and review documents in order

to defend itself. Should the court grant Plaintiff's motion to stay, Defendant would be stripped of that right. As such, Defendant respectfully requests that Plaintiff's motion to stay be denied.

## CONCLUSION

For all the forgoing reasons described above and specifically identified in the attached Declaration, Defendant Bison Recovery Group, Inc., respectfully requests that Plaintiff's motion to stay be denied, together with such other and further relief as the Court deems just and proper.

Dated: February 28, 2020          **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Tessa R. Scott, Esq.
Attorneys for the Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com
tscott@lippes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, I electronically filed the foregoing Memorandum via the CM/ECF system, which should then send notification of such filing to all counsel of record. A copy of the Memorandum was also sent by first class mail to Plaintiff Ricky Franklin at:

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

/s Brendan H. Little
Brendan H. Little, Esq.