# EXHIBIT D



50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

February 14, 2020

**VIA ELECTRONIC & U.S. MAIL**
Ricky R. Franklin
708 Brambling Way
Stockbridge, Georgia  30281
rrfrank12@hotmail.com

      Re:    *Ricky Franklin v. Bison Recovery Group, Inc.*
             Case No.:  1:18-cv-00161-LJV

Dear Mr. Franklin:

We are in receipt of Plaintiff's ("Plaintiff") responses to Defendant Bison Recovery Group, Inc.'s ("Defendant") Interrogatories and Request for Production. Plaintiff's responses are deficient and must be supplemented and/or amended. Pursuant to Fed. R. Civ. P. 37, please advise when Plaintiff is able to meet and confer the week of February 17, 2020 to discuss.

As explained in detail below, Plaintiff's objections are inappropriate and baseless. Further, many of Plaintiff's responses do not provide responses to the questions or requests as asked.  Defendant is entitled to investigate the claims lodged against it. As such, Defendant requests that Plaintiff supplement his discovery responses.

As you are aware, our office served its discovery demands on January 6, 2020 and prior to responding, Plaintiff filed his Motion for Summary Judgment. Accordingly, as there is a pending Summary Judgment Motion and Plaintiff's discovery responses remain deficient, if we do not hear from Plaintiff, we will proceed forward with Court intervention to ensure we receive complete responses.

### Interrogatories

Interrogatory 3
Defendant asked Plaintiff to "identify the date(s) and time(s) that Bison contacted Franklin via the telephone. For each date and time identified, please identify the telephone number Bison dialed to reach Franklin." In response, Plaintiff directed Defendant to a "call log" that he created. This "call log" does not respond to the Interrogatory as asked. Specifically, it does not provide the times of the calls.  Accordingly, this response does not respond to the question asked. Please supplement Plaintiff's response to provide the times of each of the calls listed in the "call log" or amend it to reflect that Plaintiff does not possess responsive information.



Interrogatory 4
Defendant asked Plaintiff to "identify the date(s) and time(s) that Bison used an artificial or prerecorded voice to contact Franklin. For each date and time identified, please identify the telephone number Bison dialed to reach Franklin." In response, Plaintiff directed Defendant to various recordings allegedly left on Plaintiff's voicemail. The recordings do not respond to the Interrogatory as asked. Specifically, it does not provide the times of the calls. Accordingly, this response does not respond to the question asked. Please supplement Plaintiff's response to provide the times of each of the calls purportedly from Defendant or amend it to reflect that Plaintiff does not possess responsive information.

Interrogatory 5
Defendant asked Plaintiff to "identify Franklin's factual basis that Bison used an artificial or prerecorded voice to contact Franklin on the dates identified in response to Interrogatory 4 above." In response, Plaintiff directed Defendant to various recordings allegedly left on Plaintiff's voicemail. The recordings do not indicate who left the messages or why Plaintiff believes that the messages included a pre-recorded voice. Accordingly, this response does not respond to the question asked. Please supplement Plaintiff's response to provide Plaintiff's factual basis for his claim that Defendant used a prerecorded voice to contact Plaintiff.

Interrogatory 7
Defendant asked Plaintiff to identify "factual basis that Bison used an automated dialer system to contact Franklin on the dates identified in response to Interrogatory 6 above." In response, Plaintiff directed defendant to a "call log" and recordings allegedly taken from Plaintiff's voicemail. This response does not respond to the question asked and does not establish that Defendant placed any calls to Plaintiff using an automated dialer system. Please supplement Plaintiff's response to provide Plaintiff's factual basis for his claim that Defendant used an automatic dialing system to contact him.

Interrogatory 9
Defendant asked Plaintiff to "identify the amount of the charges to his cellphone Franklin incurred for alleged unauthorized phone calls as alleged in Paragraph 22 of the Complaint."

In response, you stated:

> Plaintiff is on a prepaid plan with his cellular phone and has limited minutes. Theses unwanted calls cause a direct concrete, monetary injury by depleting limited minutes that I pay for in advance. The unwanted calls caused injury by depleting the cellphone battery requiring the Plaintiff to pay for electricity to recharge his phone. Additionally, the calls were a nuisance and invaded the Plaintiffs [sic] privacy, and thus are sufficient to confer Article III standing. Finally,



the calls were harassing and Plaintiff felt resentment and anger each time these calls were made because the calls distracted, and tied up Plaintiff's cellphone from other usages.

The above does not respond to the question asked. Plaintiff has failed to provide the amount of charges to Plaintiff's cellphone, which Plaintiff alleges were caused by Defendant. Please supplement this response.

Interrogatory 11
Defendant asked Plaintiff to "identity the dates and times of each call made by Bison to Franklin wherein Franklin believes he is entitled to treble damages as set forth in Paragraph 27 of the Complaint." In response, Plaintiff directed defendant to a "call log," which does not provide call times, and stated Plaintiff informed Bison that they were calling the wrong number. However, this response does not answer the question asked. It is not clear which calls Plaintiff alleges are entitled to treble damages. Please supplement this response.

Interrogatory 12
Defendant asked Plaintiff to identify his basis "that Bison placed the call willfully or knowingly in violation of the Telephone Consumer Protection Act." In response, Plaintiff stated, "Plaintiff informed Bison that they were calling the wrong number." Plaintiff has not responded to the Interrogatory as asked. Plaintiff does not provide a factual basis for his claim that Defendant willfully and knowingly violated the Telephone Consumer Protection Act, but instead reflects Plaintiff's conduct. Please supplement this response.

Interrogatory 14
Defendant asked Plaintiff to identify "the date and time Franklin instructed Bison to stop all calls to him and cease calling his cellular telephone as alleged in paragraph 30 of the Complaint." In response, Plaintiff stated "Plaintiff objects to this Interrogatory because paragraph 30 of the complaint, does not indicate what this interrogatory is asking." This is not a proper objection because the Interrogatory clearly states the information it seeks. Further, Plaintiff made the allegation against Defendant in his Complaint, regardless of what he numbered the Paragraph. To that end, please supplement this response to include the date and time that Plaintiff instructed Bison to stop all calls to him.

Interrogatory 15
Defendant asked Plaintiff to "identify Franklin's factual basis the telephone number 716-256-1641 was or is utilized by Bison." In response, Plaintiff stated "See Ricky Franklin Exhibit A & B. Further, the automated message left on Plaintiff answering machine indicates the number ending in 1641 was used by Bison at the time the calls was made."



As a threshold matter, Plaintiff's response does not answer the question. Further the documents Plaintiff refers to do not provide any support for Plaintiff's claim that the number "716-256-1641" belongs to Defendant. Contrary to Plaintiff's response, the recording only identifies that nonparty U-Haul Moving and Storage, an entity that is not a party to this action, left a message. Accordingly, Plaintiff has failed to provide any factual basis that the number belongs to Defendant. Further, Defendant fails to identify the time any of the purported calls were made. Please supplement this response.

## Request for Production

Request 2
Defendant requested copies of "All communication, i.e. letters, facsimiles, text messages, emails and memorandums, exchanged between Bison and Plaintiff." In response, Plaintiff objected on the basis that Defendant's request as "irrelevant, not likely to lead to discovery of admissible information and Plaintiff does not possess any of these documents." Plaintiff's objections are without merit as Defendant's requests are specifically tailored to the allegations Plaintiff made in his Complaint. Further, Plaintiff's response to Defendant's interrogatories indicated that Plaintiff had sent Defendant correspondence on March 31, 2015.  Accordingly, Plaintiff's statement that it is not in possession of any responsive materials must be supplemented to address the discrepancy. Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 6
Defendant requested "Plaintiff's telephone records for the telephone number(s) identified in response to the Defendant's Interrogatories from January 1, 2015 to the present." In response, Plaintiff objected on the basis that Defendant's request is "irrelevant, not likely to lead to discovery of admissible information and Plaintiff does not possess any of these documents." Plaintiff's objections are without merit as Defendant's requests are specifically tailored to the allegations Plaintiff made in his Complaint. Further, Plaintiff's telephone records are readily obtainable from Plaintiff's telephone provider. These records are central to Plaintiff's claims and Defendant is entitled to a copy of same. Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 9
Defendant requested "[a]ny and all documents, information or recordings that demonstrate Bison used an automated dialer system to contact Plaintiff." In response, Plaintiff objected on the basis that the request "is irrelevant, not likely to lead to discovery of admissible information, unduly burdensome, and improperly imposed for the sole purpose of harassment to the Plaintiff. Plaintiff further objects, because Defendant is asking Plaintiff to produce material that the Defendant has in its possession." Plaintiff's objections are without merit as Defendant's requests are specifically tailored to the allegations Plaintiff made in his Complaint. Further, what information or



documentation is in Defendant's possession has no bearing on Plaintiff's obligation to produce the requested material. In that regard, courts "have generally held that objections to a discovery request on the ground that it seeks information or documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties (such as from public records) is not sufficient to resist a discovery request absent a showing of undue burden." Gross v. Guzman, 2013 WL 12091159, * 5 (S.D. Fla. Jan. 25, 2013) (citing cases). Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 10
Defendant requested "[a]ny and all documents or information that demonstrates Plaintiff's ownership or assignment of any telephone number Plaintiff claims to have received a telephone call from Bison." In response, Plaintiff directs Defendant to Exhibit C, which is a photocopy of various receipts and or account notes. The photocopy is in poor quality and does not refer to Plaintiff's telephone number or the ownership of same. It is unclear what the receipts are for or how they relate to the present matter. Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 12
Defendant requested "[a]ny and all documents or information that demonstrate Plaintiff suffered actual damages." In response, Plaintiff directs Defendant to Exhibits A, B and C. None of these Exhibits concerns Plaintiff's purported damages. Exhibit A is a recording of Plaintiff's voicemail, Exhibit B is a purported "call log" seemingly created by Plaintiff and Exhibit C appears to be receipts to various phone providers. It is not clear how any of these documents concern Plaintiff's actual damages. Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 16
Defendant requested "[a]ny and all documents or information that demonstrates the system used by Bison stores or produces telephone numbers to be called using a random or sequential number generator as alleged in Paragraph 18 of the Complaint." In response, Plaintiff objected on the basis that the request is "outside the Plaintiff's knowledge. Plaintiff further objects, because Defendant is asking Plaintiff to produce material that the Defendant has in its possession." Plaintiff's objections are without merit as Defendant's requests are specifically tailored to the allegations Plaintiff made in his Complaint.

Plaintiff has an ongoing Fed. R. Civ. P.11 obligation to investigate claims in his Complaint. Plaintiff's Complaint alleges that Defendant stores or produces telephone numbers to be called using a random or sequential number generator. Defendant asked for responsive information regarding Plaintiff's factual basis for this claim. Advising that the request "is outside of Plaintiff's knowledge"



suggests that Plaintiff did not have a factual basis to allege that claim. Please supplement this response or withdraw this allegation.

Further, what information or documentation is in Defendant's possession has no bearing on Plaintiff's obligation to produce the requested material. In that regard, courts "have generally held that objections to a discovery request on the ground that it seeks information or documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties (such as from public records) is not sufficient to resist a discovery request absent a showing of undue burden." Gross v. Guzman, 2013 WL 12091159, * 5 (S.D. Fla. Jan. 25, 2013) (citing cases). Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.
Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 17
Defendant requested "[a]ny and all documents or information that demonstrates that Plaintiff incurred charges to his cell phone for the alleged unauthorized calls as alleged in Paragraph 22 of the Complaint." In response, Plaintiff stated "[s]ee Exhibit Ricky Franklin A &B, which is an invasion of Plaintiffs [sic] privacy with automated phone calls, and use of time and depletion of battery life which could have been used for other purposes. Additionally, the calls were a nuisance and thus are sufficient to confer Article III standing as they were harassing to Plaintiff." Plaintiff's objections are without merit as Defendant's requests are specifically tailored to the allegations Plaintiff made in his Complaint. Plaintiff specifically alleged that he incurred additional charges to his cellphone. Accordingly, Defendant is entitled to documentation to support that claim. Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Request 18
Defendant requested "[a]ny and all documents or information that demonstrates that Bison willfully or knowingly made telephone calls to Plaintiff in violation of the Telephone Consumer Protection Act." In response, Plaintiff stated "[s]ee Exhibit Ricky Franklin A &B." Plaintiff's Exhibits do not respond to the Request. Defendant asked for evidence demonstrating that Defendant made willful or knowing violations of the Telephone Consumer Protection Act. The exhibits provided include various recordings from an unidentified source and one call from nonparty U-Haul Moving and Storage. This does not establish that Defendant made any calls to Plaintiff or that the calls were made in willful or knowing violation of the FDCPA. Further, and for the same reasons, Plaintiff's "call log" of calls purportedly made by Defendant fails to respond to the Request. Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.



Request 19

Defendant requested "[a]ny and all documents or information that Bison did or does utilize the telephone number 716-256-1641." In response, Plaintiff stated "[s]ee Exhibit Ricky Franklin A &B." Plaintiff's Exhibits do not respond to the Request. Defendant asked for evidence demonstrating that Defendant did or did not use the telephone number 716-256-1641. The Exhibits provided do not speak to Defendant's use, if existing, of the phone number 716-256-1641.  Please supplement this response or amend it to reflect that Plaintiff does not possess responsive documents.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Brendan H. Little

Brendan H. Little

BHL/TRS/jms