UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RICKY R. FRANKLIN, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| BISON RECOVERY GROUP, INC. | |
| Defendant. | 18-CV-161V(F) |

_____

APPEARANCES:   RICKY R. FRANKLIN, *Pro Se*
               708 Brambling Way
               Stockbridge, Georgia   30281

               LIPPES MATHIAS WEXLER FRIEDMAN LLP
               Attorneys for Defendant
               BRENDAN H. LITTLE,
               TESSA RAE SCOTT, of Counsel
               50 Fountain Plaza, Suite 1700
               Buffalo, New York   14202

## JURISDICTION

On November 12, 2019, Hon. Lawrence J. Vilardo referred this matter to the undersigned for all pretrial matters (Dkt. 7).  The case is presently before the court on Plaintiff's motion for summary judgment filed January 10, 2020 (Dkt. 16), Defendant's motion for discovery pending summary judgment pursuant to Fed.R.Civ.P. 56(d) filed February 12, 2020 (Dkt. 22); and Plaintiff's motion to stay discovery filed February 18, 2020 (Dkt. 28).

## BACKGROUND and FACTS[1]

Plaintiff commenced this action by Complaint filed January 31, 2018 (Dkt. 1), alleging Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(a) *et seq.* ("the TCPA") by calling, without Plaintiff' consent, Plaintiff's cellular phone placing using an automated telephone dialing system, 11 artificial prerecorded voice messages regarding collection of a debt previously incurred by a person with whom Plaintiff asserts Plaintiff is not familiar.  The TCPA prohibits any non-emergency calls to a cellular phone without the subscriber's consent using an automated telephone dialing system ("an ATD") defined as equipment with the "capacity . . . to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers."  42 U.S.C. § 227(a)(1).  Specifically, Plaintiff alleges that despite informing Defendant during one call he had no connection with the debtor identified by Defendant in the calls, and requested Defendant cease calling Plaintiff's cell phone, Defendant nevertheless called Plaintiff's cell phone at least five or more times regarding the debt.[2]  At the Rule 16(b) conference conducted by the court with the parties on January 7, 2020 (Dkt. 15), in accordance with Fed.R.Civ.P. 16(b) ("the Rule 16(b) conference") the case was referred, pursuant to the court's ADR Plan, to the court's ADR process; discovery was to conclude May 9, 2020, and dispositive motions

---

[1]  Taken from the papers and pleadings filed in the instant action.

[2]  The Complaint also includes allegations against World Finance, Inc. and Sterling Finance, Dkt. 1 ¶¶ 31-32, however, these entities are not included in the caption of the Complaint and the docket does not include any proof of service for them.

were to be filed not later than July 31, 2020. Dkt. 15 ¶ 10. According to the docket, the parties failed to select a mediator as required under the court's Scheduling Order by February 4, 2020 (Dkt. 15 ¶ 4), or otherwise comply with the Scheduling Order's requirements regarding the ADR Plan including that the initial mediation session be conducted not later than March 31, 2020 (Dkt. 15 ¶ 5); to date, other than Plaintiff's motion for summary judgment, no dispositive motions have been timely filed by either party nor has either party moved to compel discovery.

On January 6, 2020, prior to the Rule 16(b) conference, Defendant served on Plaintiff Defendant's First Set of Interrogatories ("Defendant's Interrogatories") requesting, *inter alia*, "the factual basis that [Defendant] used artificial or prerecorded voice to contact [Plaintiff], Int. No. 5, Dkt. 22-3 at 6, and that Plaintiff "identify [the] factual basis that [Defendant] used an automated dialer system to contact [Plaintiff] on the dates [Plaintiff alleges]. (Int. No. 7, Dkt. 22-3 at 7). Defendant also served at the same time Defendant's First Set of Requests for Production (Dkt. 22-2 at 9-15) ("Defendant's Document Requests") including a request to Plaintiff for all documents that Plaintiff asserts "demonstrate [Defendant] used artificial or prerecorded voice to contact Plaintiff," Dkt. 22-3 at 12 ¶ 7) (Request No. 7), and "all documents that demonstrate [Defendant] used an automated dialer system to contact Plaintiff." Dkt. 22-3 ¶ 8 (Request No. 8) (together, "Defendant's Discovery Requests").

As noted, on January 10, 2020, Plaintiff filed Plaintiff's Motion for Summary Judgment (Dkt. 16) ("Plaintiff's Summary Judgment motion"). On February 12, 2020, Defendant filed its motion pursuant to Fed.R.Civ.P. 56(d) ("Rule 56(d)") requesting

3

Plaintiff's motion for summary judgment be denied or to defer action on such motion until Defendant had obtained sufficient discovery from Plaintiff to enable Defendant to oppose Plaintiff's motion. Dkt. 22 ("Defendant's Rule 56(d) Motion"). On February 14, 2020. Defendant filed Defendant's Opposition to Plaintiff's Summary Judgment Motion (Dkt. 23) ("Defendant's Opposition to Summary Judgment"). In support of Defendant's Rule 56(d) Motion and Defendant's Opposition to Summary Judgment, Defendant contends that Plaintiff's motion is premature, having been filed three days after the Rule 16(b) Scheduling Conference and prior to Plaintiff serving responses to Defendant's Discovery Requests, Dkt. 22-1 at 2 (citing caselaw); Dkt. 23 at 1 (citing caselaw), and should be denied until Defendant has obtained Plaintiff's responses to Defendant's Discovery Requests. *Id.* Defendant also objected that Plaintiff had failed to provide a copy of Plaintiff's recorded telephone calls from Defendant including a conversation with Defendant's representative which recording Plaintiff has filed with the court in support of Plaintiff's summary judgment motion. Dkt. 22-1 at 2.

In response, Plaintiff filed at the same time, as noted, Plaintiff also filed Plaintiff's Motion to Stay Discovery Pending Ruling on His [Plaintiff's] Summary Judgement Motion [*sic*] (Dkt. 28) ("Plaintiff's Motion to Stay Discovery"), on February 18, 2020, Plaintiff's Opposition to Defendant's Rule 56(d) Motion (Dkt. 26) ("Plaintiff's Opposition to Defendant's Rule 56(d) Motion" or "Plaintiff's Opposition"), along with Plaintiff's Reply Brief to Defendant's Opposition to Plaintiff's for Summary Judgment (Dkt. 27) ("Plaintiff's Reply"). In Plaintiff's Opposition, Plaintiff contends Defendant's Rule 56(d) Motion and Opposition to Plaintiff's Motion for Summary Judgment is based on misrepresentations

4

regarding the procedural facts of the litigation. Specifically, Plaintiff asserts Plaintiff served, on February 10, 2020, Plaintiff's responses to Defendant's Discovery Requests, including a copy of Plaintiff's recording of Defendant's automated prerecorded phone calls, and that, as such, Plaintiff's Summary Judgment motion was, contrary to Defendant's contentions, ripe for decision, there was then no issue of material facts, Plaintiff "should win as a matter of law," and, accordingly, Plaintiff's Summary Judgment motion should now be granted. Dkt. 26 at 2 (referencing Exh. B, Dkt. 26, at 14-15). In support of Plaintiff's Opposition, Plaintiff relies on Defendant's statement during the Rule 16(b) conference that Defendant presently lacked records upon which to determine whether and how the alleged calls, including any use of prerecorded messages and automatic telephone dialers, were made to Plaintiff by Defendant. Dkt. 27 at 2 (referencing Plaintiff's Exh. A, Dkt. 27 at 7 Line 20; 8-9 Lines 25-2) suggesting Defendant is unable to contradict Plaintiff's allegations of such actions by Defendant in violation of the TCPA. At the Rule 16(b) conference, Defendant also stated that to succeed Plaintiff would nevertheless have the burden that to establish Defendant's liability under the TCPA, Defendant had in fact used an ATD to send automated prerecorded messages to Plaintiff's cell phone number as defined by the TCPA. Dkt. 27 at 8. In support of Plaintiff's Motion to Stay Discovery, Plaintiff contends that a stay is warranted as Defendant has conceded it lacks "any evidence" to establish issues of material fact necessary to avoid summary judgment making further discovery by Defendant irrelevant and unnecessary. Dkt. 28 at 3-4.

On April 3, 2020, Defendant filed Defendant's Reply In Further Support of Its Motion to Deny Plaintiff's Summary Judgment Motion, or in the Alternative, Defer Consideration of the Motion (Dkt. 32 ("Defendant's Reply"). In Defendant's Reply, Defendant contends that while Plaintiff's responses to Defendant's Discovery Requests were, as Plaintiff stated, served by Plaintiff on February 12, 2020, the same date as Defendant's Rule 56(d) Motion was filed, Dkt. 32 at 2, such that Defendant had then received Plaintiff's responses as Plaintiff represents, nevertheless Plaintiff's service of Plaintiff's discovery responses, which Defendant upon review determined were deficient in several material respects, *id.*, merely underscores Defendant's basic contention that when Plaintiff's Summary Judgment motion was filed on January 10, 2020, Defendant had not obtained any discovery from Plaintiff, Dkt. 32 at 2. Defendant also contends that Defendant had no opportunity to depose Plaintiff as of February 10, 2020 when Plaintiff served Plaintiff's discovery responses. *Id.* Defendant therefore argues that although discovery has, since Plaintiff's Summary Judgment motion was filed, in fact commenced, such discovery is not complete requiring the court to deny Plaintiff's Summary Judgment motion and grant Defendant's Rule 56(d) motion to enable Defendant to complete discovery including taking Plaintiff's deposition.[3] Dkt. 32 at 2-3 (citing caselaw and referencing Dkt. 22-2) in which Defendant points to several disputed issues of material facts including, for example, Plaintiff's failure to provide evidence to support Plaintiff's allegation that Defendant's alleged calls to Plaintiff were made using

---

[3] Plaintiff's deposition was renoticed for May 13, 2020 from March 25, 2020. Dkt. 32 at 5.

6

an automated telephone dialer system, Dkt. 22-2 ¶ 5, an essential element of Plaintiff's TCPA claim.  *See also* Dkt. 32-2 at 3 (referencing Plaintiff's continued failure to respond to Defendant's Interrogatory No. 5 requesting Plaintiff identify the factual basis for Plaintiff's allegation that Defendant sent "artificial or prerecorded voice messages" to Plaintiff's cell phone and Defendant's Interrogatory No. 7 requesting information from Plaintiff as to the factual basis for Plaintiff's allegation that Defendant used an ATD, as defined by the TCPA, to call Plaintiff's cell number.  Plaintiff's response to Defendant's Interrogatory No. 5 directed Defendant to Plaintiff's Exh. F (Dkt. 17 at 35), a purported recording of three of the calls at issue (*see* Dkt. 32-4 at 3), Plaintiff's response to Defendant's Interrogatory No. 7 did not provide a direct answer, and instead referred Defendant to certain tape recordings of Defendant's calls and Plaintiff's "call logs," which Defendant pointed out to Plaintiff were deficient, *id.*, in that these documents and the copy of the three recorded calls from Defendant, and Plaintiff's responses failed to indicate any factual basis for Plaintiff's assertion that the messages were automated and prerecorded or Defendant utilized an automatic dialer to place the calls at issue.  *See* Dkt. 32-2 at 3.  In Plaintiff's response to Defendant's Interrogatory No. 7, Plaintiff also asserted Defendant's request sought irrelevant evidence, was unduly burdensome and intended to harass Plaintiff.  *See* Dkt. 32-4 at 3.  Plaintiff further asserted that Plaintiff had shown by reference to the recorded messages Defendant's calls also used "artificial voice messages" constituting an additional violation of the TCPA.  *Id.* (referencing 47 U.S.C. § 227(b)(1)(A)(iii)).  In Plaintiff's further response to Defendant's assertion that Interrogatory No. 7 sought highly relevant information and that Plaintiff's

7

answer thus remained deficient, Dkt. 32-4 at 4, on March 4, 2020, Plaintiff reiterated his objection, without explanation, that Defendant's Interrogatory No. 7 sought irrelevant information. *See* Dkt. 32-8 at 2 ¶ 2.

As noted, by papers filed February 18, 2020, Plaintiff requested a stay of discovery pending determination of Plaintiff's Summary Judgment motion. Dkt. 28 ("Plaintiff's Motion for a Stay of Discovery"). Specifically, Plaintiff in support of this motion contends that because Defendant admitted on the record of the Rule 16(b) conference, Dkt. 28 at 3-4, Defendant lacks evidence with which to dispute Plaintiff's allegations, Plaintiff's Summary Judgment motion should be granted without burdening Plaintiff with unnecessary discovery requests and incurring further delay in awarding Plaintiff the damages required by the TCPA. According to Plaintiff, in these circumstances, Defendant's further requests for discovery would constitute "burdensome harassment on the Plaintiff by continuing to request irrelevant information that has no bearing on the Plaintiff's summary judgment motion." Dkt. 28 at 4. On February 28, 2020, Defendant filed Defendant's Opposition to Plaintiff's Motion to Stay Discovery (Dkt. 30) ("Defendant's Opposition to Plaintiff's Motion to Stay Discovery" or "Defendant's Opposition"). In Defendant's Opposition, Defendant contends Plaintiff's Motion for a Stay of Discovery should be denied, as a stay would effectively deprive Defendant of any meaningful opportunity to challenge the merits of Plaintiff's Summary Judgment motion. *Id.* at 1-3 (citing caselaw). Specifically, Defendant argues whether to stay discovery pending consideration of a summary judgment motion is dependent on several factors, including whether the pending dispositive motion is meritorious, the

extent of pending discovery requests and the related burden of responding, and the degree of unfair prejudice to the opposing party, here Defendant.  Dkt. 30 at 2 (citing *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *2  (E.D.N.Y. Dec. 3, 2014)) that would result if the requested stay were to be granted.

In reply to Defendant's Opposition to Plaintiff's Motion to Stay Discovery, filed March 4, 202 (Dkt. 31) ("Plaintiff's Reply"), Plaintiff asserts that Plaintiff's Summary Judgment "clearly establishes the Defendant violated" the TCPA "by calling his [Plaintiff's] cellphone, without consent and leaving an automated message in direct violation of the act."  Dkt. 31 at 2.  Plaintiff also asserts that Defendant's discovery requests were served prior to Fed.R.Civ.P. 26(d) which provides discovery should not proceed until both parties have served the disclosures required by Fed.R.Civ.P. 26(a).  However, Fed.R.Civ.P. 26(d) provides that except for initial disclosures, discovery shall not proceed until after the parties have conferred as required under Rule 26(f).  Plaintiff also argues Defendant failed to provide "any reason why discovery is needed or appropriate" before Plaintiff's Summary Judgment motion is resolved.  Dkt. 31 at 6.  In Defendant's Response, Dkt. 32, Defendant reiterates Defendant's position that Defendant requires discovery to fairly oppose Plaintiff's Summary Judgment motion and that Plaintiff's responses to Defendant's discovery requests remain deficient, including Plaintiff's continued failure to respond fully to Defendant's Interrogatory No. 5 regarding the basis for Plaintiff's claim related to prerecorded messages from Defendant, Interrogatory No. 7 and Defendant's Document Request No. 8 directed to Defendant's

9

alleged use of an ATD, and thus discovery in this case was, when Plaintiff filed Plaintiff's Summary Judgment Motion, incomplete.  Dkt. 32 at 2.

## DISCUSSION

It is basic that summary judgment is properly granted only if after a reasonable opportunity for discovery the non-moving party has failed to demonstrate the existence of a material issue of fact as to which the non-movant has the burden of proof by pointing to admissible evidence demonstrating the existence of such issue of fact requiring trial.  *Amaker v. Foley*, 274 F.3d 677, 680–81 (2d Cir. 2001) ("the district court may not grant the [summary judgment] motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.  If it has not, summary judgment is inappropriate, for '[n]o defense to an insufficient showing is required.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (internal quotation marks omitted))).  It is also elemental that allegations in a plaintiff's complaint do not constitute evidence sufficient to support a grant of summary judgment.  *See cf., Belpasso v. Port Auth. of N.Y. & N.J.*, 400 Fed.Appx. 600, 601 (2d Cir. 2010) ("A *pro se* plaintiff, however, cannot defeat a motion for summary judgment simply by relying on the allegations of his complaint; he must present evidence from which a reasonable jury could find in his favor.").  Further, in the absence of admissible evidence supporting a required element of a plaintiff's claim, a defendant has no burden to disprove such element; rather, the burden of proof remains with a plaintiff.  *See Cohen Lans LLP v. Naseman*, 2017 WL 477775, at \*3 (S.D.N.Y. Feb. 3, 2017) ("On summary judgment, the party bearing the burden of proof at trial

must provide evidence on each element of its claim or defense." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986))).  Additionally, requests to stay discovery pending determination of dispositive motions are discretionary with the court.  *See Anderson v. Greene*, 774 Fed.Appx. 694, 695 (2d Cir. 2019) ("We review a District Court's denial of motions for a stay of discovery . . . for abuse of discretion.").

Here, when Plaintiff filed Plaintiff's Summary Judgment motion, discovery had only recently commenced and was incomplete as Plaintiff's responses had not been served and when served notably failed to provide information as to the factual basis for Plaintiff's allegations that Defendant had used an automated telephone dialer to contact Plaintiff, or sent automated prerecorded messages, required elements for a successful TCPA claim.  47 U.S.C. § 227(b)(1)(A) (prohibiting the use of an automated telephone dialing system or an artificial or prerecorded voice to any cellular telephone service unless such call is made solely to collect a debt owed to or guaranteed by the United States).  As of March 4, 2020, Plaintiff continued to argue erroneously that Defendant's Interrogatory No. 7 and Document Request No. 8 directed to these elements of Plaintiff's claim seek irrelevant information.  Thus, Plaintiff's Summary Judgment motion must be dismissed for two reasons. First, Plaintiff's motion was premature as, when filed, Defendant had no reasonable opportunity to obtain discovery relevant to threshold requirements of a claim brought under the TCPA.  Second, Plaintiff's motion is predicated on the misconception that Plaintiff's allegations that Defendant in fact used such an ATD or automated artificial or prerecorded voice messages constituted evidence conclusively establishing such fact, and that Defendant's admitted lack of

11

records concerning Defendant's alleged contact with Plaintiff obviate the need for Plaintiff to put forth more specific evidence in support of summary judgment that such an ATD was in fact used by Defendant or that Defendant's contacts included artificial or prerecorded voice messages. A fair reading of Plaintiff's papers, including the three messages recorded on Plaintiff's Exh. F (Dkt. 17 at 35),[4] reveals no such evidence has been presented by Plaintiff in support of summary judgment; rather, Plaintiff continued to insist, without authority, that such evidence is irrelevant. Specifically, Plaintiff's copy of three messages to Plaintiff's cell number, purportedly by Defendant, provides insufficient foundation to qualify it as admissible evidence to support summary judgment. *See United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977) ("[S]ince recorded evidence is likely to have a strong impression upon a jury and is susceptible to alteration, we have adopted a general standard, namely, that the government 'produce clear and convincing evidence of authenticity and accuracy' as a foundation for the admission of such recordings." (quoting *United States v. Knohl*, 379 F.2d 427, 440 (2d Cir.), *cert. denied*, 389 U.S. 973 (1967)). Moreover, Defendant's witnesses may, after reviewing Plaintiff's responses, be able to rebut Plaintiff's assertions regardless of a lack of contemporaneous records relating to Plaintiff's cell number. Further, even if admissible, in the absence of Defendant's admission, whether the recorded messages in fact constitute prohibited communications under the TCPA is a question of

---

[4] The contents of the CD provided by Plaintiff in Exh. F included three recorded messages on Plaintiff's cell phone.

interpretation regarding the exact nature of the communications for the trier of fact, not the court on summary judgment thereby diluting the viability of Plaintiff's motion. *Contrast Glasser v. Hilton Grand Vacations Company, LLC*, 948 F.3d 1301, 1313 (11th Cir. 2020) (affirming district court's grant of summary judgment to plaintiff on TCPA violations following completion of discovery where the plaintiff's evidence, undisputed by the defendant, established each of the 13 calls came from the same telephone number which was owned by the defendant, contained identical messages which is the "hallmark" of prerecorded messages, concluded with the same phrase, and the defendant's call log matched the plaintiff's call log). Since the Plaintiff's motion was filed in January, Plaintiff has not provided anything to indicate Defendant has agreed with Plaintiff's assertion the recorded communications are artificial or prerecorded as defined by the TCPA. Defendant's stated lack of records does not equate to such an admission.

Although, Defendant may in fact lack relevant records regarding its contacts with Plaintiff, Defendant's answer has denied all of Plaintiff's allegations concerning use of an ATD or prerecorded automated messages actionable under the TCPA by Defendant thereby placing the burden of proof as to this required element exclusively on Plaintiff. Thus, the court finds that Plaintiff's Summary Judgment motion lacks sufficient merit to support a stay of discovery and when weighed against the severe prejudice to Defendant of granting Plaintiff's Summary Judgment motion when filed, without further discovery by Defendant in these circumstances Plaintiff's motion for summary judgment should be DISMISSED as premature but without prejudice to a further summary

judgment request after completion of discovery.  *See Sheraton, LLC v. Fortuna Fifth Avenue, LLC*, 2019 WL 1510514, at *1 (S.D.N.Y. Mar. 5, 2019) (denying as premature and without prejudice motion for summary judgment filed prior to completion of discovery).  Moreover, Plaintiff's Motion to Stay Discovery pending determination of Plaintiff's Summary Judgment motion should be also DENIED, as granting the requested stay would, as discussed, *supra,* ignore Plaintiff's failure to put forth admissible evidence in support of summary judgment on required elements of Plaintiff's claim and would severely prejudice Defendant in its ability to defend Plaintiff's action on the merits should Plaintiff attempt to present such evidence at trial.   Further, because under the Rule 16(b) Scheduling Order, all fact discovery was to conclude July 31, 2020, the court finds Defendant's Rule 56(d) motion, seeking deferral of consideration of Plaintiff's summary judgment motion until completion of fact discovery in this case is now moot, and, as such, should also be DISMISSED.

## CONCLUSION

Based on the foregoing, Plaintiff's Summary Judgment motion (Dkt. 16) is DISMISSED without prejudice; Defendant's Rule 56(d) motion (Dkt. 22) is DISMISSED

as moot; Plaintiff's Motion to Stay Discovery Pending Determination of Plaintiff's Summary Judgment Motion (Dkt. 28) is DENIED.[5, 6]

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: September 1, 2020
         Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).

---

[5] The parties shall inform the court in writing not later than September 14, 2020 whether the case is ready for trial or whether additional discovery and/or dispositive motion practice is required. If the latter, the parties shall propose, jointly or individually, outside dates as necessary to accommodate such additional litigation.

[6] Despite the direction that the parties select a mediator by February 4, 2020, according to the Docket, the parties failed to select a mediator pursuant to the ADR Plan as directed. Accordingly, the court will select a mediator pursuant to Section 5.5C.2. of the ADR Plan and the case shall proceed to mediation in accordance with the Plan.