UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY FRANKLIN                                   Case No.: 1:18-cv-00161-LJV

        Plaintiff,

vs.

BISON RECOVERY GROUP, INC.

        Defendant.

### DEFENDANT BISON RECOVERY GROUP, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION

Defendant Bison Recovery Group, Inc. ("Defendant") respectfully submits this response to Plaintiff Ricky Franklin's ("Plaintiff") untimely Objection to Magistrate Leslie G. Foschio's thorough Report and Recommendation ("R & R") (Doc. 36), which recommends that this Court grant Defendant's motion for discovery pending summary judgment pursuant to Fed. R. Civ. P 56(d) (Doc. 22), and denied Plaintiff's motion for stay (Doc. 28).

As set forth herein, Plaintiff's Objection should be rejected and the R & R should be adopted because the R & R was correctly decided. The R & R correctly apprehended that Defendant could not respond to Plaintiff's motion for summary judgment because no discovery had been exchanged prior to the filing of same. Further, the R & R correctly determined that a stay of discovery was inappropriate.

Notably, Plaintiff raises no objection to the portion of the R & R that denies Plaintiff's motion for stay of discovery. In this regard, the crux of Plaintiff's argument in his Objection to the R & R is that he met his burden of proof required to entitle him to summary judgment. Specifically, Plaintiff alleges that he (1) produced evidence, in the form of telephone recordings, that cannot be

disputed; and (2) the telephone recordings constitute an automatic violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's position belies a fundamental misapprehension of the R & R and the law. Namely, the telephone recordings Plaintiff submitted do not serve as a sort of evidentiary or legal mechanism to strip Defendant of its entitlement to engage in discovery. Further, as noted by the R & R, the recordings do not, and cannot, establish that Defendant utilized an automatic dialing system when it placed calls to Plaintiff.

In short, the R & R followed well-settled principals of law, which direct that Defendant must be afforded an opportunity to engage in discovery in order to fairly oppose Plaintiff's summary judgment motion.

## **ARGUMENT**

### I.     STANDARD OF REVIEW

In reviewing a report and recommendation, a District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636 (b)(1)(c). When a timely objection has been made to the report and recommendation, a District Court Judge must make a de novo determination of any portion of the Magistrate's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). However, "when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012).

"The goal of the federal statute providing for the assignment of cases to magistrates is to "increas[e] the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1285–86 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (internal citations omitted).

Accordingly, rehashing the entirety of the arguments set forth in the original papers is counter-productive and disfavored. *See Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Certainly, "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Id.*

As a threshold matter, Plaintiff's Objection is untimely, as it was filed more than fourteen days after the filing of the R & R. In this regard, Plaintiff's Objection should not be considered. *See Smith v. United States*, 2012 WL 4491446, at *1 (N.D.N.Y. Sept. 28, 2012); *A'Gard v. Locke*, 2016 WL 5137273, at *4 (N.D.N.Y. Sept. 21, 2016). Not only is Plaintiff's objection untimely, it is inappropriate in that it is an attempt at a second bite of the apple. Plaintiff re asserts that the submitted telephone recordings somehow establish an automatic finding that Defendant violated the TCPA, which are arguments set forth in his motion for summary judgment and his reply. (Doc. 16, 27). In this regard, Plaintiff's Objection amounts to an inappropriate attempt to relitigate the arguments set forth in the original papers. *See Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). As Plaintiff's Objection amounts to a second bite at the apple, this Court should consider Plaintiff's Objection pursuant to a *clear error* review. *Petersen*, 2 F. Supp. 3d at 228–29. Certainly, pursuant to a clear error standard, there is no evidence that Magistrate Judge Foschio's R & R evidenced clear error. As such, the R & R should be adopted.

## II. THE REPORT AND RECOMMENDATION CORRECTLY RULED THAT PLAINTIFF'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED

Notwithstanding Plaintiff's clear attempt to relitigate his motion for summary judgment, the R & R withstands de novo review. In this regard, the R & R considered both the procedural

posture of the subject litigation and the sufficiency of Plaintiff's evidence to establish necessary elements of his TCPA claims.

To that end, it is well settled that the purpose of Fed. R. Civ. P. 56(d) is to "shield a party against the entry of summary judgment where it has not had an adequate opportunity to defend." *All Am. Tel. Co., Inc. v. AT & T Corp.*, 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018), *appeal withdrawn,* WL 9739272 (2d Cir. Dec. 28, 2018). Thus, "there is a critical distinction ... between cases where a litigant opposing a motion for summary judgment requests a stay of that motion [for summary judgment] to conduct *additional* discovery and cases where that same litigant opposes a motion for summary judgment on the grounds that it is entitled to an opportunity to *commence* discovery with respect to [the non-movant's] claims." *Walden v. Sanitation Salvage Corp.*, 2015 WL 1433353, at *3 (S.D.N.Y. Mar. 30, 2015); *Wexelberg v. Project Brokers LLC*, 2014 WL 2624761, at *9 (S.D.N.Y. Apr. 28, 2014)(noting that summary judgment was not justified when the summary judgment motion had been filed prior to the commencement of discovery and the moving party maintained exclusive control of certain information); *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 921 F. Supp. 2d 111, 130 (S.D.N.Y. 2013)(defendants were entitled to conduct limited discovery where no discovery had taken place and defendants had submitted a declaration detailing the issues requiring discovery).

Here, the R & R correctly apprehended that Plaintiff's strategy of filing his motion for summary judgment, prior to responding to Defendant's discovery demands and prior to sitting for a deposition, cripples Defendant's ability to defend itself. *See* Doc. 22-2, the Declaration of Brendan H. Little, Esq. dated February 12, 2020 ("February Little Dec."), Ex. A; Doc. 32-1, the Declaration of Brendan H. Little, Esq. dated April 3, 2020 ("April Little Dec.").

Moreover, the R & R, correctly apprehended that the recordings submitted by Plaintiff could not meet Plaintiff's burden in establishing that Defendant violated the TCPA. It stated:

> Here, when Plaintiff filed Plaintiff's Summary Judgment motion, discovery had only recently commenced and was incomplete as Plaintiff's responses had not been served and when served notably failed to provide information as to the factual basis for Plaintiff's allegations that Defendant had used an automated telephone dialer to contact Plaintiff, or sent automated prerecorded messages, required elements for a successful TCPA claim. 47 U.S.C. § 227(b)(1)(A) (prohibiting the use of an automated telephone dialing system or an artificial or prerecorded voice to any cellular telephone service unless such call is made solely to collect a debt owed to or guaranteed by the United States).

Doc. 36. Magistrate Judge Foschio continued: "Plaintiff's motion is predicated on the misconception that Plaintiff's allegations that Defendant in fact used such an ATD or automated artificial or prerecorded voice messages constituted evidence conclusively establishing such fact [that Defendant used ATD equipment]." *Id.* In short, the R & R underscored the undeniable fact that telephone recordings do not, and cannot, establish what equipment Defendant used to place the calls and if that equipment qualifies as an automatic dialing system. *See* Doc. 36. Absent a showing that Defendant utilized a telephone dialing system, Plaintiff cannot meet his burden in showing that Defendant violated the TCPA. Further, the recordings do not, and cannot, establish that Plaintiff did not provide consent to receive calls from Defendant using either an automatic dialing system or pre-recorded or artificial voice. Simply stated, the existence of telephone recordings do not circumvent the need for discovery.

Plaintiff's Objection fails to even address this evidentiary deficiency. Instead, Plaintiff asserts that Magistrate Judge Foschio inappropriately considered the credibility or weight of the evidence. In so arguing, Plaintiff misapprehends the R & R. Specifically, the R & R did not draw any conclusions with respect to the credibility or weight of the evidence. Instead, the R & R

5

identified that the evidence submitted by Plaintiff could not establish an element necessary to demonstrate a violation of the TCPA—especially in light of Defendant's Answer which denies the use of automatic dialing system equipment. (Doc. 36).

Ultimately, Plaintiff has not provided any reasonable basis for his Objection. Defendant submits the Court should adopt the R & R and enter an order denying Plaintiff's Motion for Summary Judgment.

## CONCLUSION

For the reasons set forth above, this Court should accept the R & R and Court should adopt the R & R and enter an order denying Plaintiff's Motion for Summary Judgment.

DATED: September 30, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Tessa R. Scott
Tessa R. Scott, Esq.
Brendan H. Little, Esq.
Attorneys for the Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
tscott@lippes.com
blittle@lippes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, I electronically filed the foregoing Response to Plaintiff's Objection via the CM/ECF system, which should then send notification of such filing to all counsel of record. A copy of the response was also sent by first class mail to Plaintiff Ricky Franklin at:

    Ricky Franklin
    708 Brambling Way
    Stockbridge, GA 30281

                                            /s Tessa R. Scott
                                            Tessa R. Scott, Esq.